NANCY J. WORKMAN, Plaintiff-Appellant, v. ST. THERESE MEDICAL
CENTER et al., Defendants (L.P. Maun et al., Defendants-Appellees; North
Point Medical/Dental Center, Defendant).

Second District   No. 2—93—1007

Opinion filed September 15, 1994.

Raymond S. Gwiazdzinski, of Chicago, for appellant.

John L. Schroeder and Michelle L. Adams, both of Connelly, Mustes & Schroeder, of Geneva, for appellee Gopal N. Bhalala.

James K. Horstman, Barry L. Kroll, Kevin Campbell, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago, for appellee L.P. Maun.

JUSTICE GEIGER delivered the opinion of the court:
The plaintiff, Nancy J. Workman, appeals from the trial court's dismissal with prejudice of her medical malpractice complaint and from the trial court's denial of her motion to reconsider the judgments of dismissal. On appeal, the plaintiff argues (1) that the trial court improperly dismissed her complaint with prejudice pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)); and (2) that if the trial court dismissed her complaint with prejudice pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)) for her failure to comply with written discovery and with the trial court's orders, the trial court abused its discretion. We affirm.

On June 2, 1992, the plaintiff filed a medical malpractice complaint against the defendants, St. Therese Medical Center, St. Therese Radiology, L.P. Maun, M.D., Gopal N. Bhalala, M.D., and North Point Medical/Dental Center.

On August 18, 1992, defendant Bhalala served interrogatories on the plaintiff and filed them with the court. On September 22, 1992, defendant Maun served interrogatories on the plaintiff and filed them with the court.

On October 7, 1992, the trial court held a status call. The

plaintiff's attorney failed to appear for the status call. He had failed to appear at several hearings prior to the October 7 status call. The case was dismissed for want of prosecution.

On November 4, 1992, the plaintiff filed a motion to vacate the October 7, 1992, dismissal order. On November 24, 1992, defendant Bhalala filed a motion in opposition to the plaintiff's motion to vacate and for costs. One basis for defendant Bhalala's motion was the plaintiff's attorney's lack of diligence with respect to the prosecution of the case. On November 24, 1992, the trial court granted the plaintiff's motion to vacate the dismissal order and reinstated the plaintiff's case. Also on that date, the trial court ordered the plaintiff to answer defendant Bhalala's interrogatories within 10 days and granted defendant Bhalala's motion for fees and costs and ordered the plaintiff and her attorney to pay costs in the amount of $1,350 within 30 days.

On December 7, 1992, defendant Bhalala filed a motion to dismiss the plaintiff's complaint for her failure to answer interrogatories in violation of the November 24, 1992, court order. On December 14, 1992, defendant Bhalala also filed a motion to dismiss pursuant to sections 2—622 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—622, 2—619 (West 1992)) for the plaintiff's failure to supply a separate written report as to each defendant.

On December 17, 1992, the trial court granted defendant Maun's motion to compel and ordered the plaintiff to respond to all outstanding discovery within 14 days. The trial court awarded sanctions against the plaintiff and in favor of defendant Maun in the amount of $431.30.

Also on December 17, 1992, the court ordered the plaintiff to answer defendant Bhalala's outstanding interrogatories within seven days and awarded additional costs in the amount of $450 to defendant Bhalala for the plaintiff's failure to comply with the November 24, 1992, court order.

The plaintiff did not file answers to interrogatories within the periods required by the orders of November 24, 1992, and December 17, 1992. On January 21, 1993, defendants Bhalala and Maun filed motions to dismiss pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)) for the plaintiff's failure to answer outstanding interrogatories. On January 21, 1993, the plaintiff filed answers to interrogatories which were vague, incomplete, and unsworn. On February 9, 1993, the plaintiff's answers were stricken. Also on that date, the trial court granted defendant Bhalala's motion to dismiss pursuant to section 2—622 of the Code of Civil Procedure and allowed the plaintiff 14 days in which to file amended section 2—622 affidavits.

The trial court also ordered the plaintiff to answer all outstanding interrogatories by February 26, 1993.

The plaintiff failed to file amended section 2—622 affidavits or answers to interrogatories within the periods required by the February 9, 1993, court order. On March 2, 1993, the trial court granted defendant Maun's and defendant Bhalala's motions to dismiss with prejudice, based on the plaintiff's failure to answer written discovery, her failure to comply with previous discovery orders, and her failure to comply with the requirements of section 2—622 of the Code of Civil Procedure. The March 2, 1993, order contained a Supreme Court Rule 304(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994) finding of enforceability and appealability with respect to the judgments entered in favor of defendants Maun and Bhalala. The Rule 304(a) finding was necessary to make these judgments immediately appealable because defendant Maun's motion for sanctions under Supreme Court Rule 137 (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 137, eff. February 1, 1994) remained pending at that time. See *Berger v. Matthews* (1991), 216 Ill. App. 3d 942, 944.

On April 1, 1993, the plaintiff filed a motion to reconsider the March 2, 1993, judgments of dismissal. On May 25, 1993, following a continuance requested by the plaintiff, the trial court granted the defendants' motions to strike the plaintiff's motion to reconsider. Once again, the plaintiff's attorney was not present for the hearing.

On June 24, 1993, the plaintiff filed a motion (1) to vacate the May 25, 1993, order, which struck the plaintiff's motion to reconsider, and (2) once the May 25, 1993, order was vacated, to hear the motion to reconsider. The defendants filed no written response to the plaintiff's second post-judgment motion; rather, at the hearing on the motion, the defendants argued that the trial court lacked jurisdiction to consider the motion.

On July 22, 1993, at the conclusion of the hearing on the motion, the trial court vacated its order of May 25, 1993, which had stricken the plaintiff's motion to reconsider. In addition, the trial court ruled on the plaintiff's motion to reconsider, denying the motion with prejudice. On the same date, the trial court stated that it would amend its dismissal order to show that the dismissal pursuant to sections 2—622 and 2—619 of the Code of Civil Procedure was without prejudice, but the dismissal based on the plaintiff's repeated failure to answer discovery, as the trial court had ordered, was dismissed with prejudice.

On August 20, 1993, the plaintiff filed a notice of appeal. On January 13, 1994, defendant Maun filed a motion to dismiss the appeal, arguing that the plaintiff failed to file a timely notice of

appeal and that this court therefore lacked jurisdiction over this appeal. We ordered that defendant Maun's motion to dismiss the appeal be taken with the case. Before we address the merits of this appeal, we must first address the question of whether we have jurisdiction to hear the appeal. See Official Reports Advance Sheet No. 26 (December 22, 1993), R. 303, eff. February 1, 1994; *Benet Realty Corp. v. Lisle Savings & Loan Association* (1988), 175 Ill. App. 3d 227, 229.

Supreme Court Rule 303(a)(1) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 303(a)(1), eff. February 1, 1994) provides in pertinent part:

"(1) Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion."

Section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 1992)) provides in pertinent part:

"(a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief.

(b) A motion filed in apt time stays enforcement of the judgment."

As this court stated in *Benet Realty Corp.* (175 Ill. App. 3d at 230):

"It is well established that a post-judgment motion under section 2—1203 of the Code of Civil Procedure [(735 ILCS 5/2—1203 (West 1992))] is a post-trial motion 'directed against the judgment' and that such a motion if timely filed will toll the time for filing a notice of appeal pursuant to Supreme Court Rule 303(a)(1) [(Official Reports Advance Sheet No. 26 (December 22, 1993), R. 303(a)(1), eff. February 1, 1994)]. [Citation.] Further, it also is well established that the filing of a 'successive' post-trial motion (motion which merely repeats what was set forth or could have been set forth in the preceding motion) under section 2—1203, filed within 30 days of the denial of the previous motion, does not extend the time in which to file a notice of appeal under Rule 303 [(Official Reports Advance Sheet No. 26 (December 22, 1993), R. 303(a)(1), eff. February 1, 1994)]. (*Sears v. Sears* (1981), 85 Ill. 2d 253 ***; *Deckard v. Joiner* (1970), 44 Ill. 2d 412 *** (reaffirmed in *Sears*).) Under such circumstances, a party wishing to appeal the trial court's final judgment must file a notice of appeal within 30 days

of the denial of the first post-trial motion attacking the judgment. [(Official Reports Advance Sheet No. 26 (December 22, 1993), R. 303(a)(1), eff. February 1, 1994; *Sears*, 85 Ill. 2d at 258-59.)]" *Benet Realty Corp.*, 175 Ill. App. 3d at 230.

■ The plaintiff's first post-judgment motion, her motion to reconsider the judgments of dismissal, was filed within 30 days of the judgments of dismissal and was therefore timely filed. (See 735 ILCS 5/2—1203 (West 1992).) However, this motion was stricken by the trial court.

Citing *Yazzin v. Meadox Surgimed, Inc.* (1991), 224 Ill. App. 3d 288, 291, defendant Maun argues that the striking of the motion to reconsider was tantamount to denying it because it could not have been refiled if it was stricken more than 30 days after the judgment. He argues that the striking of the motion to reconsider triggered the period in which the plaintiff was required to file her notice of appeal and that therefore June 24, 1993, was the last day on which the plaintiff could have filed a timely notice of appeal.

We find *Yazzin* distinguishable from the present case. In *Yazzin*, the trial court's order striking the post-judgment motion was not vacated. (*Yazzin*, 224 Ill. App. 3d at 291.) In the present case, however, the trial court's order striking the plaintiff's motion to reconsider was vacated. Thus, in the present case, unlike in *Yazzin*, the motion to reconsider the judgments of dismissal was reinstated as a pending motion.

Defendant Maun argues that the plaintiff's second post-judgment motion was a second motion to reconsider. Defendant Maun argues that the filing of the second motion to reconsider did not serve to renew jurisdiction in the circuit court nor did it toll the period for the plaintiff to file a timely notice of appeal. Citing *Sears* (85 Ill. 2d at 259), defendant Maun argues that successive post-judgment motions are impermissible when the second motion is filed more than 30 days after the judgment or any extension of time allowed for the filing of the post-judgment motion and that the plaintiff's second post-judgment motion was a successive post-judgment motion. We disagree in that we find that the plaintiff's second post-judgment motion was not a successive post-judgment motion.

The plaintiff's first post-judgment motion was a motion to reconsider the judgments of dismissal. The plaintiff's second motion was a motion to vacate the order striking the plaintiff's motion to reconsider brought within 30 days of the entry of the striking of plaintiff's motion and, once that order was vacated, to hear the original motion to reconsider.

A trial court retains jurisdiction to reconsider judgments and

orders within 30 days of their entry. (*People v. Heil* (1978), 71 Ill. 2d 458, 461; *Weilmuenster v. H.H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 105.) Therefore, within this 30-day period a trial court has the power to vacate an order striking a motion to reconsider and to reinstate the motion. See *Weilmuenster*, 72 Ill. App. 3d at 105-06.

In the present case, the trial court struck the plaintiff's motion to reconsider the judgments of dismissal on May 25, 1993. On June 24, within 30 days, the plaintiff filed a motion to vacate the May 25 order and reinstate the motion to reconsider. We find that the trial court retained jurisdiction to rule on this motion and enter its order on July 22, 1993. (See *Weilmuenster*, 72 Ill. App. 3d at 105-06.) Therefore, we conclude that the plaintiff's notice of appeal, which was filed on August 20, 1993, within 30 days of the trial court's denial of the plaintiff's reinstated motion to reconsider, was timely filed (see Official Reports Advance Sheet No. 26 (December 22, 1993), R. 303(a)(1), eff. February 1, 1994) and that, as a result, this court has jurisdiction to hear this appeal. We therefore address the merits of the appeal.

■ The plaintiff's first argument on appeal is that the trial court improperly dismissed her complaint with prejudice pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)). We find this argument without merit in that we find that the record is clear that the trial court dismissed the plaintiff's complaint with prejudice not pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)) as the plaintiff claims, but, instead, pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)).

■ The plaintiff's second argument on appeal is that if the trial court dismissed her complaint with prejudice pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)) for her failure to comply with written discovery and with the trial court's orders, the trial court abused its discretion. Sanctions for failure to comply with discovery are provided in Rule 219(c) (134 Ill. 2d R. 219(c)). Rule 219(c) provides in pertinent part:

> "If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of part E of article II of the rules of this court (Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

> * * *

> (v) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be

entered against the offending party or that his action be dismissed with or without prejudice." (134 Ill. 2d R. 219(c).) The imposition of sanctions for the noncompliance with discovery rules and orders rests largely within the sound discretion of the trial court and will not be disturbed on review absent a clear abuse of that discretion. (*Lavaja v. Carter* (1987), 153 Ill. App. 3d 317, 323.) However, sanction orders under Rule 219(c) are to be imposed only when the noncompliance is unreasonable and the order entered is just. (*In re Marriage of Kutchins* (1987), 157 Ill. App. 3d 384, 389.) In determining whether the noncompliance with discovery rules or orders is unreasonable, the standard is whether the noncomplying party's conduct seems to have been characterized by a deliberate and wilful disregard for the rule or order not complied with or whether the noncomplying party's conduct shows a deliberate, contumacious, or unwarranted disregard of the court's authority. (*612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 926.) The dismissal of a party's complaint is a drastic sanction which should not be invoked except in those cases where the conduct of the noncomplying party shows a deliberate and wilful disregard of the court's authority. (*Gallo v. Henke* (1982), 107 Ill. App. 3d 21, 27.) While the trial court may impose necessary sanctions to accomplish discovery, it may not impose sanctions which are intended primarily as punishment. (*Gallo*, 107 Ill. App. 3d at 27.) However, as this court stated in *Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.* (1984), 122 Ill. App. 3d 504, 514:

"The particular sanction imposed in a case rests largely within the broad discretion of the court, and the exercise of such discretion will not be disturbed unless an abuse is apparent. [Citation.] While it is true that the trial court is to seek a means to have discovery accomplished rather than merely to inflict punishment [citations], it is also appropriate to consider the need for using discovery sanctions as a general deterrent which will provide a strong incentive for *all* litigants to fully and accurately comply with discovery rules [citation]." (Emphasis in original.) *Perimeter Exhibits, Ltd.*, 122 Ill. App. 3d at 514.

■ In the present case, the plaintiff's attorney repeatedly failed to appear for scheduled hearings, the plaintiff failed to comply with discovery deadlines ordered by the court, and both the plaintiff and her attorney were ordered to pay sanctions several times during the course of the proceedings, but they failed to pay the sanctions. Neither the plaintiff nor her attorney has offered a reasonable excuse or explanation for his or her failure to comply with the court's orders.

In addition, the plaintiff does not challenge the propriety of the trial court's order requiring that she and her attorney pay sanctions for their violations of discovery orders. We find that the conduct of the plaintiff and her attorney shows a deliberate and wilful disregard of the court's authority. (See *Gallo*, 107 Ill. App. 3d at 27.) Thus, we find that the plaintiff's repeated refusal to comply with the court's orders was unreasonable. (See *612 North Michigan Avenue Building Corp.*, 34 Ill. App. 3d at 926.) We also find that the trial court's dismissal of the plaintiff's complaint with prejudice was just under the circumstances in the present case. (See *612 North Michigan Avenue Building Corp.*, 34 Ill. App. 3d at 926-27.) Thus, we conclude that the trial court did not abuse its discretion in dismissing the plaintiff's complaint with prejudice pursuant to Supreme Court Rule 219(c). See *Lavaja*, 153 Ill. App. 3d at 324; *Perimeter Exhibits, Ltd.*, 122 Ill. App. 3d at 514.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and DOYLE, JJ., concur.