EDDIE JACKSON *et al.*, Plaintiffs-Appellants, v. DANIEL EDELMAN, Defendant-Appellee.

First District (3rd Division)   No. 1—92—2398

Opinion filed May 29, 1996.

Charles K. Snowden, of Chicago, for appellants.

Cathleen M. Combs, Tara G. Redmond, J. Eric Vander Arend, and Michelle A. Weinberg, all of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Plaintiffs, Eddie Jackson and Lucille Chandler, appeal from an order of the circuit court of Cook County denying their motion to reconsider the trial court's denial of their earlier motion to vacate the dismissal of their complaint. Jurisdiction is vested in this court under section 6 of article VI of our 1970 Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 301 (155 Ill. 2d R. 301).

Before we turn to the merits of this case, we need first address a motion filed by defendant, Daniel Edelman, for lack of appellate jurisdiction which we took with the case.

■ Section 6 of article VI of our 1970 Illinois Constitution provides as follows:

"§ 6. Appellate Court—Jurisdiction

Appeals from final judgments of a Circuit Court are a matter of right to the Appellate Court in the Judicial District in which the Circuit Court is located except in cases appealable directly to the Supreme Court and except that after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal. The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts. The Appellate Court may exercise original jurisdiction when necessary to the complete determination of any case on review. The Appellate Court shall have such powers of direct review of administrative action as provided by law." Ill. Const. 1970, art. VI, § 6.

Supreme Court Rule 301 provides as follows:

"Rule 301. Method of Review

Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional. An appeal is a continuation of the proceeding." 134 Ill. 2d R. 301.

Supreme Court Rule 303(a) provides, in pertinent part, as follows:

"Rule 303. Appeals from Final Judgments of the Circuit Court in Civil Cases

(a) Time; Filing; Transmission of Copy.

(1) Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of a final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30

days after the entry of the order disposing of the last pending post-judgment motion.

"(2) When a timely post-judgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending post-judgment motion shall have no effect and shall be withdrawn by the party who filed it, by moving for dismissal pursuant to Rule 309. This is so whether the timely post-judgment motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the post-judgment motion, as provided in subparagraph (a)(1) of this rule. No request for reconsideration of a ruling on a post-judgment motion will toll the running of the time within which a notice of appeal must be filed under this rule." 134 Ill. 2d Rs. 303(a)(1), (a)(2).

On October 10, 1991, the circuit court entered an order which dismissed plaintiffs' complaint with prejudice. Thereafter, on November 12, 1991, plaintiffs filed a post-trial motion under section 2—1203(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1203(a) (now 735 ILCS 5/2—1203(a) (West 1994))) seeking to vacate the dismissal of their complaint. After four continuances were granted to plaintiffs on their motion, the last of which was granted *sua sponte* by the trial court after plaintiffs' counsel failed to appear, the trial court dismissed the action for want of prosecution on January 9, 1992, when plaintiffs' counsel again failed to show up on that date to argue the motion. On January 21, 1992, plaintiffs filed a motion to vacate the January 9 dismissal of the case and the October 10, 1991, judgment. On February 11, 1992, the circuit court vacated the January 9 dismissal and in doing so ordered that the vacation had "no effect on the order dismissing the complaint on October 10, 1991." Finally, on May 26, 1992, the circuit court denied the January 21 motion to vacate the October 10 judgment. Plaintiffs then filed a notice of appeal on June 25, 1992, from the May 26 order.

Defendant argues that the net effect of the January 9, 1992, dismissal was to preclude review by this court. We disagree and find this case is controlled by this court's decision in *Workman v. St. Therese Medical Center*, 266 Ill. App. 3d 286 (1994).

In *Workman*, this court held that the striking of a motion to reconsider did not trigger the period in which a notice of appeal had to be filed, where the order striking the motion to vacate was thereafter vacated, and the motion to reconsider the judgments of dismissal was reinstated as a pending motion. Moreover, the *Workman* court held that the motion to vacate the order striking the motion to

reconsider the judgment of dismissal was not an untimely second motion to reconsider the judgment of dismissal, but rather was a timely motion to act on the order striking the motion to reconsider, which served to renew jurisdiction in the trial court and, therefore, tolled the filing period for the filing of a notice of appeal. Thus, the notice of appeal filed within 30 days of the denial of the reinstated motion was timely within the meaning of Supreme Court Rule 303 (155 Ill. 2d R. 303).

■ In the case at bar, as was the situation in *Workman*, when the trial court, on February 11, 1992, vacated the January 9 dismissal, the net effect was to renew jurisdiction in the circuit court and, thereby, toll the filing period for a notice of appeal until after the May 26 denial of the January 21 motion to vacate the October 10 judgment. Thus, the June 25 notice of appeal was timely within the meaning of Rule 303 and this court accordingly has jurisdiction over this appeal. *Workman*, 266 Ill. App. 3d 286. We therefore address the merits of the appeal.

Plaintiffs in essence urge that the trial court erred in granting defendant's motion to dismiss the action under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). We disagree and on *de novo* review affirm the judgment.

■ The complaint against Edelman, a licensed Illinois attorney, for wrongful garnishment of plaintiffs' bank account comes within the ambit of section 13—202 of the Code of Civil Procedure, which establishes a two-year statute of limitations for malicious prosecution. (See Ill. Rev. Stat. 1989, ch. 110, par 13—202; *Withall v. Capitol Federal Savings of America*, 155 Ill. App. 3d 537 (1987) (section 13—202 covers any action for tortious use of legal process). In the case *sub judice*, the record clearly demonstrates that plaintiffs failed to use reasonable diligence to obtain service on Edelman prior to the expiration of the two-year limitations period and, thus, violated Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)). Thus, we find no error in the circuit court's decision.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P.J., and CERDA, J., concur.