# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064

---

| | |
|---|---|
| Appellate Court Caption | PATRICIA DUS, as Special Administrator of the Estate of Edward C. Dus, Deceased, Plaintiff-Appellant and Cross-Appellee, v. PROVENA ST. MARY'S HOSPITAL, Defendant-Appellee and Cross-Appellant. |
| District & No. | Third District<br>Docket No. 3-09-1064 |
| Filed | April 23, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's appeal from the entry of a judgment with a damage award reduced by 50% due to contributory negligence was dismissed on the ground that plaintiff's notice of appeal was filed more than 30 days after the trial court's denial of plaintiff's motion for judgment *n.o.v.*, since Supreme Court Rule 303 provides that a notice of appeal must be filed within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order and plaintiff's motion to reconsider the initial motion did not toll the 30-day period for filing a notice of appeal. |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 02-L-33; the Hon. Kendall O. Wenzelman, Judge, presiding. |
| Judgment | Appeal dismissed. |

| Counsel on Appeal | Daron A. Romanek, of Romanek & Romanek, of Chicago, and Neil D. O'Connor (argued), of O'Connor & O'Connor, of River Forest, for appellant. |
|---|---|
| | Nancy G. Lischer (argued) and William Cassian, both of Hinshaw & Culbertson, of Chicago, and Daniel Softcheck, of Hinshaw & Culbertson, of Joliet, for appellee. |

| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice Schmidt and Justice Carter concurred in the judgment and opinion. |
|---|---|

## OPINION

¶ 1 Plaintiff's decedent, Edward C. Dus (Dus), an ambulance driver, sued defendant, Provena St. Mary's Hospital (Provena), for knee injuries he claimed to have sustained while he was assisting in transporting a patient into Provena's emergency room. Dus sued Provena on a theory of negligence, alleging that he was injured when a Provena employee negligently pushed a large laundry cart into him and knocked him down. The jury found Provena negligent and awarded Dus $300,000 in damages. However, the jury found that Dus was contributorily negligent by 50% and therefore reduced the damage award to $150,000.

¶ 2 Dus filed a posttrial motion for judgment notwithstanding the verdict (judgment *n.o.v.*) on the issue of contributory negligence. The trial court denied Dus's motion because Dus's counsel failed to appear to present the motion. Dus later filed a motion asking the trial court to reconsider its ruling, and the trial court granted Dus leave to refile his initial judgment *n.o.v.* motion. More than three months later, the trial court denied Dus's judgment *n.o.v.* motion on the merits. This appeal followed.

¶ 3                                    BACKGROUND

¶ 4 The trial court entered judgment on the jury's verdict on August 28, 2009. On September 15, 2009, Dus timely filed a posttrial motion arguing that Dus was entitled to judgment notwithstanding the verdict on the issue of contributory negligence. In his motion, Dus argued that the trial court erred by instructing the jury on the issue of contributory negligence because the parties had presented no evidence suggesting that Dus was contributorily negligent. Dus also argued that the jury's finding that he was contributorily negligent was speculative and not supported by the evidence.

¶ 5        Dus's motion was set for hearing on September 22, 2009. Although Provena's counsel appeared on that date, Dus's counsel did not appear. The trial court asked Provena's counsel whether Dus's counsel would be coming to court that day to present the motion. Provena's counsel responded: "I don't think they are coming, but I told them I would ask for time to probably respond *** and *** set a hearing date." The trial court then denied Dus's motion *sua sponte* because Dus's counsel had failed to appear. The court stated that Dus's attorneys were "SOL" because they filed a motion, noticed it up, and then failed to show up "without any explanation whatsoever." Provena's counsel informed the court that Dus's counsel had a "doctor's dep" and reiterated that he had told Dus's counsel that he would "ask [for] time to respond." The court repeated that Dus's motion was "denied at this point in time"[1] and ordered that a copy of the docket be sent to Dus's counsel reflecting that the motion had been denied "due to nonappearance of movant." The relevant docket entry states:

> "Case called for hearing on Post-Trial Motion. No one appears for plaintiff. Attorney Softcheck appears for defendant. By action of the Court motion is denied due to non-appearance of the movant."

¶ 6        Two days later, Dus filed a "Motion for Reconsideration of Plaintiff's Previously filed Post-Trial Motion," in which Dus asked the court to "reconsider the ruling it issued" on September 22, 2009. Provena argued that the trial court lacked jurisdiction to rule on Dus's motion to reconsider because it was a successive postjudgment motion. Although the trial court reiterated its policy that movants must appear on their own motions, it granted Dus "leave to file [his] previously filed post-trial motion" over Provena's objection. In so ruling, the court noted that "the court's ruling on September 22, 2009 on plaintiff's motion to present the previously filed post-trial motion was not a ruling on the merits of the motion."

¶ 7        On December 3, 2009, the trial court denied Dus's posttrial motion on the merits. Dus filed his notice of appeal in this matter on December 30, 2009.

¶ 8                                                    ANALYSIS

¶ 9        Before we address the merits of Dus's appeal, we must first determine whether we have jurisdiction. Provena filed a motion to dismiss the appeal under Illinois Supreme Court Rule 303(a)(2) (eff. May 30, 2008), arguing that this court lacks jurisdiction over Dus's appeal because Dus filed his notice of appeal more than 30 days after his posttrial motion was denied by the trial court. We initially denied Provena's motion. However, Provena has asked us to reconsider our ruling in its brief on appeal, and we have "[a] duty to consider [our] jurisdiction before proceeding to the merits of the case." *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994); see also *Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 440 (1985). This duty includes the obligation to reconsider the basis of our jurisdiction if our earlier ruling finding jurisdiction appears to be erroneous. *Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc.*, 128 Ill. App. 3d 763, 773 (1984). Accordingly, before turning to the merits, we must determine whether Dus's notice of appeal was timely filed.

--------

[1]However, the court stated that Dus could "file a motion to reinstate it."

¶ 10     The timely filing of a notice of appeal is both mandatory and jurisdictional. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984); *Clark v. Han*, 272 Ill. App. 3d 981, 984 (1995). Accordingly, our supreme court commands strict compliance with its rules governing the time limits for filing a notice of appeal, and neither a circuit court nor an appellate court has the authority to excuse compliance with the filing requirements mandated by the supreme court's rules. *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 150 (1994); *Clark*, 272 Ill. App. 3d at 984; see also *People v. Lyles*, 217 Ill. 2d 210, 216-17 (2005) (ruling that an appellate court's jurisdiction turns on litigants' compliance with the supreme court's rules prescribing the time limits for filing appeals, and an appellate court has no authority to excuse compliance with those rules). When an appeal is untimely under a supreme court rule, the appellate court has "no discretion to take any action other than dismissing the appeal." *Id.* at 217; see also *Berg v. Allied Security, Inc.*, 193 Ill. 2d 186, 189 (2000) (ruling that only a timely notice of appeal confers jurisdiction on an appellate court).

¶ 11     Supreme Court Rule 303 mandates that a notice of appeal must be filed within 30 days of a final order, unless a "timely posttrial motion directed against the judgment is filed." Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008). In that event, the notice of appeal is due "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." *Id.* A motion to reconsider the trial court's ruling on a postjudgment motion does not extend the time to appeal. See Ill. S. Ct. R. 303(a)(2) (eff. May 30, 2008) ("No request for reconsideration of a ruling on a postjudgment motion will toll the running of the time within which a notice of appeal must be filed under this rule.").

¶ 12     In this case, the trial court denied Dus's posttrial judgment *n.o.v.* motion on September 22, 2009. Dus had 30 days from that date (*i.e.*, until October 22, 2009) to file a notice of appeal. Dus did not file his notice of appeal until December 30, 2009, more than 2 months after the 30-day deadline prescribed by Rule 303 had expired. Although Dus filed a motion to reconsider the trial court's initial denial of its posttrial motion, the filing of that motion did not "toll the running of the time within which" Dus was required to file its notice of appeal. Ill. S. Ct. R. 303(a)(2) (eff. May 30, 2008). Accordingly, regardless of how or when the trial court ruled on Dus's motion to reconsider, if Dus wished to appeal the trial court's judgment, he was required to file a notice of appeal within 30 days of the trial court's initial ruling on his judgment *n.o.v.* motion. *Id.*

¶ 13     Dus raises three arguments in support of his claim that this appeal is timely. We address each of Dus's arguments in turn.

¶ 14     First, Dus argues that the September 22 ruling was not a ruling on the merits of his posttrial motion but, rather, was "tantamount to 'striking' the motion from the calendar for failure of the movant to appear." Citing *Workman v. St. Therese Medical Center*, 266 Ill. App. 3d 286 (1994), Dus maintains that a trial court has jurisdiction to reconsider and vacate an order striking a posttrial motion and to reinstate the motion within 30 days of the entry of the order striking the motion. This argument fails. As an initial matter, *Workman* is distinguishable. In *Workman*, the trial court struck the plaintiff's posttrial motion from the call because the plaintiff's counsel failed to appear but later granted the plaintiff's motion to vacate the order striking the motion, reinstated the motion, and denied it on the merits. *Id.* at 289. Our appellate court held that the plaintiff's notice of appeal, which was filed within

30 days of the trial court's final denial of the plaintiff's posttrial motion on the merits, was timely. *Id.* at 291-92. Here, by contrast, the trial court did not strike Dus's motion from the call on September 22. Rather, it expressly denied the motion. Both the trial court and Dus treated the trial court's September 22 ruling as a denial of Dus's posttrial motion. The court stated from the bench that the motion was "denied" "due to non-appearance of movant," and the court's written docket entry confirmed that the motion had been "denied." Moreover, two days after the court denied Dus's judgment *n.o.v.* motion, Dus filed a "Motion for Reconsideration of Plaintiff's Previously filed Post-Trial Motion," which asked the court to "reconsider the ruling" the trial court had issued regarding his posttrial motion on September 22. By filing this motion, Dus acknowledged that the court had denied his motion on September 22. If Dus believed that the trial court had merely stricken his motion from the call, he would have filed a motion to reinstate the motion rather than a motion to reconsider (as did the plaintiff in *Workman*). As noted above, a motion to reconsider a trial court's denial of a posttrial motion does not extend the deadline for filing an appeal under Rule 303(a)(2). Further, contrary to Dus's suggestion, the relevant question is not whether the trial court had jurisdiction to reconsider its order denying Dus's judgment *n.o.v.* motion; rather, the question is whether Dus's notice of appeal was timely filed. As noted above, Rule 303(a)(2) makes it clear that the jurisdictional 30-day deadline for filing a notice of appeal ran from the date that the trial court denied Dus's judgment *n.o.v.* motion and that Dus's subsequently filed motion to reconsider that denial did not extend that deadline.[2]

¶ 15      Second, Dus notes that Provena filed a posttrial motion on September 28, 2009, which the court did not rule on until December 3. Dus argues that its notice of appeal was timely because it was filed within 30 days of the trial court's ruling on Provena's posttrial motion. We disagree. Rule 303(a)(1) provides that the notice of appeal is due "within 30 days after the entry of the order disposing of the last pending postjudgment motion *directed against that judgment or order*." (Emphasis added.) Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008). Here, Provena's posttrial motion was not directed against the trial court's judgment. It did not challenge the trial court's ruling on contributory negligence, the jury's verdict, or the trial court's judgment on the verdict. To the contrary, Provena's motion made clear that Provena believed that the jury's verdict was proper, and it merely argued that if the court was inclined to rule in Dus's favor, the remedy should be a new trial on all issues, not judgment notwithstanding the verdict. Because this conditional posttrial motion was not "directed at the judgment," Provena's filing of the motion did not toll the 30-day deadline for filing the

---

[2]We acknowledge that, as a general matter, a "trial court retains jurisdiction to reconsider judgments and orders within 30 days of their entry." *Workman*, 266 Ill. App. 3d at 291-92; see also *People v. Heil*, 71 Ill. 2d 458, 461 (1978); *Weilmuenster v. H.H. Hall Construction Co.*, 72 Ill. App. 3d 101, 105 (1979). However, this does not change the fact that a motion to reconsider a ruling on a postjudgment motion does not toll the time for filing a notice of appeal. See *Department of Transportation v. Roodhouse*, 104 Ill. App. 3d 880, 882 (1982) (ruling that, although the trial court "had the inherent power to vacate its final judgment within 30 days of entry," it could not extend the deadline for filing an appeal by granting the defendants' motion to reconsider the denial of their posttrial motion).

notice of appeal. Ill. S. Ct. R. 303(a)(1), (2) (eff. May 30, 2008); *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 462 (1990) (a "postjudgment motion" within the meaning of Rule 303(a)(1) must be " 'directed against the judgment' " (quoting 107 Ill. 2d R. 303(a))); *Heiden v. DNA Diagnostics Center, Inc.*, 396 Ill. App. 3d 135, 138 (2009) ("A postjudgment motion extends the time for filing a notice of appeal under Rule 303(a)(1) only when it seeks rehearing, retrial, modification or vacation of the judgment, or other similar relief.").

¶ 16    Third, Dus argues that, because he refiled his judgment *n.o.v.* motion within 30 days of the trial court's judgment, the motion was "timely" under Rule 303, and his notice of appeal was not due until 30 days after the trial court entered an order disposing of the motion. Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008). We disagree. Dus filed a timely posttrial motion directed against the judgment on September 15. That motion was denied on September 22. At that moment, the 30-day time period for filing a notice of appeal began to run. A motion to reconsider the denial of Dus's timely posttrial motion would not toll or extend the time for filing an appeal, regardless of when such a motion was filed. Ill. S. Ct. R. 303(a)(2) (eff. May 30, 2008); see generally *Benet Realty Corp. v. Lisle Savings & Loan Ass'n*, 175 Ill. App. 3d 227, 231-32 (1988) (holding that the filing of a second postjudgment motion which merely repeats arguments made in the first motion is not a "timely" posttrial motion under Rule 303 and "cannot serve to extend the time for filing a notice of appeal," even if the second motion is filed within 30 days of the final judgment).

¶ 17    One of the purposes of Rule 303 is to promote the finality of trial court judgments. See *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981) (noting that "[t]here is no provision in the Civil Practice Act or the supreme court rules which permits a losing litigant to return to the trial court indefinitely, hoping for a change of heart," and ruling that "[t]here must be finality, a time when the case in the trial court is really over and the loser must appeal or give up"). "Successive post-judgment motions interfere with that policy." *Id.*[3] Allowing Dus's motion to reconsider the denial of his posttrial motion to toll the time period for filing a notice of appeal would have the same effect. Moreover, as noted above, it would contravene the plain terms of Rule 303(a)(2).

¶ 18                                          CONCLUSION

¶ 19    For the foregoing reasons, we hold that Dus failed to file a timely notice of appeal. We therefore dismiss the appeal for lack of jurisdiction.

¶ 20    Appeal dismissed.

---

[3]Accordingly, such motions are now prohibited under our supreme court's rules. See Ill. S. Ct. R. 274 (eff. Jan. 1, 2006) ("A party may make only one postjudgment motion directed at a judgment order that is otherwise final.").