**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230088-U

Order filed October 23, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| ANGELA CAGWIN, f/k/a ANGELA TREND, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-23-0088 |
| | ) | Circuit No. 21-L-959 |
| ANGELA HENDERSON, HENDERSON | ) | |
| LAW AND MEDIATION, and | ) | |
| HENDERSON AND MEHTA LAW, | ) | |
| | ) | Honorable |
| | ) | John C. Anderson, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices McDade and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   This court lacks jurisdiction over this appeal. Appeal dismissed.

¶ 2        Plaintiff, Angela Trend, now known as Angela Cagwin, filed a complaint against her

former attorney, Angela Henderson, and the law firms of Henderson Law and Mediation and

Henderson and Mehta Law, raising negligence and legal malpractice claims relating to their

representation of plaintiff in postdissolution proceedings. The trial court granted defendants'

motion to dismiss with prejudice, and plaintiff appeals. For the reasons set forth below, we dismiss this appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4        On December 10, 2021, plaintiff filed, as a self-represented litigant, a multi-count complaint against defendants arising out of their two-month representation of plaintiff in postdissolution proceedings. Plaintiff raised the following claims: (1) "NEGLIGENCE (BREACHING CONFIDENTIALITY AND ATTORNEY-CLIENT PRIVILEGE)"; (2) "NEGLIGENCE (FAILURE TO REPRESENT AND PROTECT)"; (3) "NEGLIGENCE (NOTARY FRAUD)"; AND (4) "NEGLIGENCE (FORGERY)." Plaintiff alleged that, in her dissolution proceeding, Henderson filed a motion with a supporting affidavit titled "Affidavit of Michael Fuller." The affidavit purported to be signed by plaintiff, but plaintiff never signed that affidavit. Plaintiff alleges that there was a second such affidavit, but she does not allege that the affidavit was ever filed or used for any purpose.

¶ 5        On January 26, 2022, defendants filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)), arguing that plaintiff failed to allege any actual damages or injury arising out of any use of the affidavits. The motion was briefed by both sides, and the trial court heard argument on the motion on April 12, 2022, and April 20, 2022.

¶ 6        Meanwhile, on December 23, 2021 (a few weeks after the complaint in this case was filed), plaintiff filed, as a self-represented litigant, a complaint against the attorney who represented plaintiff's former spouse in postdissolution and other proceedings. See *Trend v. Flynn, et al.*, No. 21-L-986 (Cir. Ct. Will County) (*Flynn*). The defendants in the *Flynn* case also moved to dismiss the complaint and sought sanctions. At a March 30, 2022, trial court status

2

proceeding, at which plaintiff did not appear, the trial court inquired as to whether the cases should be consolidated. Counsel for defendants in both cases responded that the cases were distinct. At a July 20, 2022, status hearing, the trial court advised that it would like to simultaneously rule on the motions to dismiss in this case and *Flynn*.

¶ 7　　　The trial court issued its written order on July 26, 2022, granting defendants' motion to dismiss with prejudice. In the order, the trial court stated that it had, on its own motion, consolidated the case with *Flynn*. The trial court reasoned that both cases stemmed from plaintiff's dissolution case and that numerous other court cases and filings in various agencies were all essentially part of her ongoing dissolution-related litigation.

¶ 8　　　As for the complaints in both this case and *Flynn*, the trial court found that neither complied with the requirement in section 2-603 of Code (735 ILCS 5/2-603 (West 2022)) that there be a plain and concise statement of the cause of action with each claim stated in a separate count and "separately pleaded, designated, and numbered" with "each paragraph containing, as nearly as may be, a separate allegation." The trial court then proceeded to separately analyze the two cases, finding in this case that, *inter alia*, plaintiff was not damaged by the affidavits. The trial court reasoned that the "Michael Fuller" affidavit was submitted in support of a motion plaintiff won, and there was no allegation that the other affidavit was ever used or filed anywhere. Accordingly, the trial court granted defendants' motion to dismiss and dismissed plaintiff's complaint with prejudice.

¶ 9　　　However, given the trial court's grant of the defendants' sanctions motion in *Flynn*, that proceeding continued. Following the defendants' filing of a supporting fee petition in *Flynn*, on October 19, 2022, plaintiff filed in that case what was titled a "2-1401 Petition Challenge to Court's Ruling," with the caption "2021 L 986"—the caption of the *Flynn* proceeding. In the

petition, plaintiff stated that she "presents this 2-1401 Challenge to the Court's ruling on Bretz Flynn's 2-615 Mot. To Dismiss and Entry of R. 137 award ***." In an October 31, 2022, written order, the trial court, on its own motion, directed plaintiff to advise as to why the petition should not be stricken and explicitly stated that it severed the instant case from *Flynn* on its own motion. While litigation proceeded with various filings in *Flynn*, culminating in the trial court's February 21, 2021, written order resolving the various pending matters, there was no further litigation in the case *sub judice*.

¶ 10        However, plaintiff did not file a notice of appeal in this case until March 7, 2023 (months after the trial court's July 26, 2022, dismissal order), purporting to appeal from, *inter alia*, the trial court February 21, 2023, order in *Flynn*.

¶ 11                                II. ANALYSIS

¶ 12        On appeal, plaintiff argues that the trial court erred in consolidating this case with *Flynn.* She also inexplicably challenges the trial court's ruling on the section 2-1401 petition in the *Flynn* case, and, in doing so, appears to argue that, here, the trial court improperly dismissed her complaint with prejudice. Plaintiff proceeds as a self-represented litigant on appeal.

¶ 13        We note first that defendants did not file an appellees' brief. However, we may decide the merits of the case where, as here, the record is simple and the issues can be easily decided without the aid of an appellee's brief. See *Thomas v. Koe*, 395 Ill. App. 3d 570, 577 (2009) (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)).

¶ 14        Before we address the merits of the appeal, we have an independent duty to consider our jurisdiction*. Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). A notice of appeal must be filed within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, within 30 days after

4

the entry of the order disposing of the last such motion. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). When a notice of appeal is untimely, we lack jurisdiction and must dismiss the appeal. See *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 10.

¶ 15    Here, the trial court entered a written order on July 26, 2022, granting defendants' motion to dismiss plaintiff's complaint. The dismissal was with prejudice and therefore a final order. See *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12 (a dismissal with prejudice is usually considered a final judgment because it denotes that the plaintiff will not be allowed to amend the complaint, thereby terminating the litigation). While proceedings continued in *Flynn*, nothing remained pending in this case. Thus, the July 26, 2022, dismissal was a final and appealable order, yet plaintiff did not file a notice of appeal until March 7, 2023. Given the untimely notice of appeal, we must dismiss this appeal for lack of jurisdiction.

¶ 16    The consolidation of this case with *Flynn* does not cure the jurisdictional defect. Where two cases are consolidated only for convenience and economy, the cases do not merge into a single suit but retain their distinct identities. *In re Marriage of Sanfratello*, 393 Ill. App. 3d 641, 657 (2009). Accordingly, a final judgment in one of the actions is deemed final and immediately appealable. *Id.* We further note that plaintiff recognized the distinct identity of the cases in the filing of her October 19, 2022, section 2-1401 petition, where she included only the caption in *Flynn* and challenged only the dismissal in *Flynn*.

¶ 17    Moreover, in addition to the distinct identity of the cases throughout these proceedings, the trial court affirmatively severed the cases in its October 31, 2022, written order. As set forth above, plaintiff did not file her notice of appeal until months later. In sum, plaintiff's notice of appeal in this case was untimely, and there is no basis upon which this court may exercise jurisdiction over plaintiff's appeal.

5

¶ 18                                   III. CONCLUSION

¶ 19          For the foregoing reasons, we lack jurisdiction over this appeal.

¶ 20          Appeal dismissed.