2025 IL App (1st) 241731-U

FIFTH DIVISION
November 7, 2025

No. 1-24-1731

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES *ex rel.* ANNIKA HADAMECK, | ) ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) ) | No. 2023 D 090393 |
| v. | ) ) ) | The Honorable |
| MATILDE S. OCAMPO, | ) ) | Naomi H. Schuster, Judge, presiding. |
| Defendant-Appellee. | ) | |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appeal is dismissed for lack of appellate jurisdiction.

¶ 2                                   I. BACKGROUND

¶ 3     On May 25, 2023, the Illinois Department of Healthcare and Family Services initiated a proceeding under the Uniform Interstate Family Support Act (750 ILCS 22/101 *et seq*. (West 2022)), to register and enforce a child support order entered by a German court against Matilde S. Ocampo. After learning that the German support order had been registered in circuit court, Ocampo

appeared on a limited scope basis and filed an objection to the order's validity, claiming that the German court lacked personal jurisdiction over him because he lacked sufficient contacts with Germany to satisfy due process.

¶ 4    Before the court ruled on the validity of the German child support order, the Department's Division of Child Support Services issued an administrative income withholding order, directing Ocampo's employer, the City of Chicago, to deduct set amounts from his paycheck each month for child support payments. Ocampo filed a motion to stay the enforcement of the support order and for sanctions, arguing that "the fact that the [Department] began deducting funds from [his] paychecks PRIOR to them registering a foreign support order is blatantly unconstitutional and a deprivation of [his] property without due process of law." He also argued that sanctions were warranted because the Department began withholding money from his paychecks before the validity of the support order had been adjudicated by the circuit court.

¶ 5    Shortly thereafter, the parties entered an agreed order, in which the court ordered all withholdings from Ocampo's paycheck "pursuant to the unregistered support order which is being contested by [Ocampo] in this proceeding" to stop immediately. The Department then filed a response to Ocampo's motion for sanctions, arguing that sanctions were not warranted because "the premature withholding was erroneous and unintentional and once called to [the Department's] attention, terminated immediately." The Department also filed a cross motion to determine waiver of personal jurisdiction, arguing that Ocampo's request for Rule 137 sanctions required the court to "consider substantive issues" and "demonstrate[d] [his] substantive participation" in the proceedings, thereby waiving his personal jurisdiction defense. Ocampo filed a motion to strike and dismiss in response to the Department's cross motion.

¶ 6    On April 2, 2024, after a hearing on Ocampo's challenge to the validity or enforcement of

2

registration of the child support order, the circuit court vacated the registration of the child support order entered by the German court, finding that Germany lacked personal jurisdiction over Ocampo. Several days later, Ocampo filed a motion to turnover funds, stating that between March of 2023 and January of 2024, $9,488.46 was "unconstitutionally withheld from [his] earnings based on an improper enforcement of a foreign support order which was vacated." He asked the court to order the Department to repay him all funds that had been improperly withheld.

¶ 7    On April 30, 2024, the Department filed a motion, asking the court to reconsider its April 2, 2024, order, which vacated the registration of the German support order. The court denied the motion on August 6, 2024, and the Department appealed on August 30, 2024.

¶ 8                                    II. ANALYSIS

¶ 9    Before turning to the merits of an appeal, we must determine whether we have jurisdiction. *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 9. Ocampo argues that we lack jurisdiction to consider the Department's appeal because several motions—including his motion for sanctions—remained pending at the time the circuit court issued its August 6, 2024, order. The record reflects that on September 17, 2024, the circuit court entered an order taking note of the present appeal and stating that the "remaining motions—including [Ocampo's] Motion to Turnover funds, [Ocampo's] Motion to Strike and Dismiss [the Department's] Cross Motion to Determine Waiver of Personal Jurisdiction and [Ocampo's] Motion for Sanctions are continued for status to December 14, 2024." However, the record contains no additional information regarding the disposition of these motions. Because the court's August 6, 2024, order does not contain Illinois Supreme Court Rule 304(a) language, Ocampo argues that it was not final and appealable and that we lack jurisdiction to consider it. See Ill. Sup. Ct. R. 303(a)(1) (eff. July 1, 2017) ("[a] judgment or order is not final and appealable while a Rule 137 claim

remains pending unless the court enters a finding pursuant to Rule 304(a).").

¶ 10    The Department argues in its reply brief that even if its notice of appeal—which was filed on August 30, 2024—was premature, the court's August 6, 2024, order is now final and appealable under Rule 303(a)(2) because Ocampo's motion for sanctions is no longer pending. For support, the Department references the circuit court's January 13, 2025, order, which states that Ocampo's "Motion to Turnover funds" and his "Motion to Strike and Dismiss [the Department's] Cross Motion to Determine Waiver of Personal Jurisdiction or in the Alternative, Response to same" were "continued generally with no future court date." Although this order was not included in the record on appeal, we may "take judicial notice of a written decision that is part of the record of another court because these decisions are readily verifiable facts that are capable of instant and unquestionable demonstration." *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37 (internal quotations and citations omitted). The Department contends that because the January 13, 2025, order does not mention Ocampo's motion for sanctions, "it is clear that Ocampo withdrew his sanctions motion prior to the January order so that he could seek sanctions in the Court of Claims." The Department also references a document filed by Ocampo on May 22, 2025, in the Illinois Court of Claims, which reflects that Ocampo was seeking $100,000 in sanctions against the Department and Ocampo's representation that "the Court of Claims is the proper forum in which Claimants must pursue reimbursement of child support payments and sanctions against the State." The Department argues that because the motion for sanctions is no longer pending before the circuit court, the court's August 6, 2024, order denying the Department's motion to reconsider is now final and appealable under Rule 303(a)(2).

¶ 11    Nothing in the record shows that Ocampo's motion for sanctions was withdrawn in the circuit court. However, even if we assume that Ocampo withdrew his motion for sanctions in the

circuit court in favor of filing it in the court of claims, several other motions—including Ocampo's "Motion to Turnover funds" and his "Motion to Strike and Dismiss [the Department's] Cross Motion to Determine Waiver of Personal Jurisdiction or in the Alternative, Response to same"— were still pending before the circuit court as of January 13, 2025, and were "continued generally with no future court date." Without evidence that these motions have been disposed of, we find that the court's August 6, 2024, order is not a final, appealable order. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Accordingly, we lack jurisdiction to reach the merits of the Department's appeal and must dismiss it. See *In re Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 20 ("An appeal must be dismissed where [appellate] jurisdiction is lacking.").

¶ 12    If the Department wishes to appeal the circuit court's decision after these outstanding motions are resolved, it may do so. In addition, it "may file a motion asking [this court] to adopt the briefs already on file in this case as their briefs in the subsequent appeal." *Howe v. Retirement Board of Firemen's Annuity & Benefit Fund of Chicago,* 2013 IL App (1st) 122446, ¶ 33.

¶ 13                                   III. CONCLUSION

¶ 14    For the foregoing reasons, the appeal is dismissed.

¶ 15    Dismissed.