MARIA YAZZIN, Plaintiff-Appellant, v. MEADOX SURGIMED, INC., Defendant-Appellee.

First District (5th Division)   No. 1—90—1123

Opinion filed December 27, 1991.

James C. Harman, of Thomas R. Cirignani & Associates, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas R. Nelson, Michael A. Pollard, and Michael L. Morkin, of counsel), for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Maria Yazzin, appeals from the entry of summary judgment in favor of defendant, Meadox Surgimed, Inc., on counts III and IV of her amended complaint. We consider whether this court has jurisdiction over plaintiff's appeal when her post-trial motion was stricken and a notice of appeal was filed more than 30 days later. For the following reasons, we dismiss the appeal.

Plaintiff filed a five-count complaint, as amended, against several parties alleging that she was injured when a catheter deflated during surgery. In count III, she alleged that defendant manufactured the catheter which was not reasonably safe for its intended use, and in count IV, she alleged that defendant breached an implied warranty of merchantability. Counts I, II, and V of the complaint are not involved in this appeal.

Defendant answered the complaint and denied the material allegations. After some discovery was completed, defendant filed a motion for summary judgment on counts III and IV which was granted on December 28, 1989. The other counts of the complaint were no longer pending at that time.

Within 30 days, plaintiff filed a post-trial motion which she scheduled for a hearing on February 9, 1990. On that date, plaintiff's counsel failed to appear in court and an order was entered striking the post-trial motion. Six days later, on February 15, plaintiff filed a "Re-Notice of Motion" and scheduled another hearing for the post-trial motion. On March 22, 1990, a hearing was held and an order was entered denying the post-trial motion. A transcript of the proceedings for that date was not included in the record on appeal. Plaintiff filed a notice of appeal on April 17, 1990.

OPINION

Defendant challenges this court's jurisdiction over plaintiff's appeal. Defendant first argues that plaintiff filed successive post-trial motions which did not extend the time to file a notice of appeal. Plaintiff responds that she only filed one post-trial motion.

■ Supreme Court Rule 303(a)(1) provides that a timely post-trial motion, attacking a final judgment, tolls the time for filing a notice of appeal. (134 Ill. 2d R. 303(a)(1).) A notice of appeal must be filed "within 30 days after the entry of the order disposing of the last pending post-trial motion." (134 Ill. 2d R. 303(a)(1).) However, a second post-trial motion, filed after denial of the first, raising arguments that were raised or could have been raised in the first motion, does not toll the time for filing a notice of appeal. *Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610.

In this case, plaintiff did not file successive post-trial motions. After her first post-trial motion was stricken, she did not refile it or file a second post-trial motion. Instead, she only filed another notice of motion rescheduling the hearing. Therefore, the present case does not involve successive post-trial motions and *Sears* is not directly applicable here.

Defendant also argues that plaintiff abandoned her post-trial motion relying on *Richey Manufacturing Co. v. Mercantile National Bank* (1976), 40 Ill. App. 3d 923, 353 N.E.2d 123. In *Richey*, judgment was entered against plaintiffs. They filed a timely post-trial motion which was stricken when their counsel failed to appear at the scheduled hearing. Within 30 days of the date their motion was stricken, they filed a notice of appeal. The appellate court found that plaintiffs' failure to present their post-trial motion to the trial judge for a ruling constituted an abandonment of their motion. Because plaintiffs filed their notice of appeal more than 30 days after the entry of the underlying judgment, the court did not have jurisdiction over the appeal.

Plaintiff contends that *Richey* can be distinguished from the present case. In *Richey*, after plaintiffs' post-trial motion was stricken, they filed a notice of appeal. However, here, after plaintiff's post-trial motion was stricken, she promptly refiled a notice of motion which led to a ruling on the merits. Plaintiff argues that under these facts, she did not abandon her motion.

Although *Richey* may support a holding here that plaintiff abandoned her post-trial motion, the additional question presented here is the effect of the order striking the motion and the subsequent refiling of a notice of motion. Plaintiff assumes that the striking of

her motion had no effect and merely left it pending, as if it had been entered and continued, ready to be rescheduled for another hearing.

In *American National Bank & Trust Co. v. Bus* (1991), 212 Ill. App. 3d 133, 569 N.E.2d 1377, the court considered the effect of striking a motion for sanctions more than 30 days after judgment was entered. Such a motion must be filed within 30 days of a final judgment. The court stated, in *dicta*, that striking the motion for sanctions would have been tantamount to denying it because it could not have been refiled if it was stricken more than 30 days after the judgment. The court assumed that if the motion for sanctions was stricken, it was no longer pending.

■ Similarly, here, the post-trial motion had to be filed within 30 days of final judgment. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203(a).) When it was stricken more than 30 days after judgment, it was no longer pending and could not be refiled. The order striking the motion was not vacated. As a result, when plaintiff refiled a notice of motion, it had no effect because there was no motion pending. Further, filing the notice of the post-trial motion did not toll the time to file a notice of appeal. (See *Sears, Roebuck & Co. v. Industrial Comm'n* (1980), 79 Ill. 2d 59, 402 N.E.2d 231 (filing a notice of a post-trial motion within 30 days of judgment, without an accompanying motion, was insufficient to toll the time for filing an appeal).) Even assuming that the order striking plaintiff's post-trial motion "disposed" of it under Rule 303(a), plaintiff's notice of appeal filed more than 30 days later was not timely filed and, as a result, this court does not have jurisdiction.

Plaintiff does not argue on appeal that the March 22 hearing on the post-trial motion revested the trial court with jurisdiction. Arguments not raised are waived. (134 Ill. 2d R. 341(e)(7).) Even if the issue was not waived, the transcript of proceedings for that date was not in the record on appeal. Because the appellant has the duty to present a complete record on appeal, any doubts arising from an incomplete record are resolved against the appellant and issues which depend on facts not in the record mandate affirmance. (*Firkus v. Firkus* (1990), 200 Ill. App. 3d 982, 558 N.E.2d 554.) As a result, any doubt as to whether the proceedings on March 22 revested the court with jurisdiction must be resolved against plaintiff.

Appeal dismissed.

MURRAY and GORDON, JJ., concur.