80

CHEN YING YANG, Plaintiff-Appellant, v. HENRY K. CHEN, Defendant-Appellee.

First District (3rd Division)   No. 1—93—4583

Opinion filed August 21, 1996.

Charles B. Levin and David T. Odom, both of Chicago, for appellant.

James T. Ferrini, Edward M. Kay, Richard L. Murphy, Joyce M. Maxberry, and Melinda S. Kollross, all of Chicago, for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:
Plaintiff, Chen Ying Yang, brought this medical malpractice action *pro se* in the circuit court of Cook County against defendant, Henry K. Chen, M.D. Defendant filed a motion to dismiss the action pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)), which the circuit court granted on May 21, 1993. Subsequently, plaintiff filed a *pro se* motion to reconsider the May 21 dismissal order on June 18, 1993. On June 25, 1993, the trial court struck the post-judgment motion and granted plaintiff a 21-day extension to amend it, whereby an amended motion to reconsider was filed on July 16, 1993. At the November 18, 1993, hearing, the trial court struck the amended motion to reconsider, reasoning that it did not retain jurisdiction of the matter. It is from this judgment that plaintiff now appeals pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).
For the reasons that follow, we reverse and remand with directions.

At issue on appeal is whether we have jurisdiction to hear this appeal, since the trial court granted plaintiff a 21-day extension after 30 days of the May 21 dismissal order.

We now address the question of whether this court has jurisdiction to hear this appeal. We begin by citing the authority pertinent to this case.

Supreme Court Rule 301 provides as follows:

"Rule 301. Method of Review

Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional. An appeal is a continuation of the proceeding." 134 Ill. 2d R. 301.

Supreme Court Rule 303(a)(1) provides, in pertinent part, as follows:

"Rule 303. Appeals from Final Judgments of the Circuit Court in Civil Cases

(a) Time; Filing; Transmission of Copy.

(1) Except as provided in paragraph (b) below, *the notice of appeal must be filed* with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, *within 30 days after the entry of the order disposing of the last pending post-judgment motion*." (Emphasis added.) 155 Ill. 2d R. 303(a)(1).

■ Section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 1994)) states:

"Motions after judgment in non-jury cases. (a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or *within any further time the court may allow within the 30 days or any extensions thereof*, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Emphasis added.) 735 ILCS 5/2—1203 (West 1994).

Supreme Court Rule 183 states:

"The court, for good cause shown on motion after notice to the opposite party, *may extend time for filing* any pleading or the doing of any act which is required by the rules to be done within a limited period, *either before or after the expiration of the time*." (Emphasis added.) 134 Ill. 2d R. 183.

Most importantly, a valid motion to reconsider judgment tolls the time for filing a notice of appeal. *Clark v. Han*, 272 Ill. App. 3d 981 (1995).

Plaintiff brought a *pro se* medical malpractice action against de-

fendant on November 2, 1992, seeking to recover for the injuries she sustained while under defendant's care. The complaint alleged that the last time plaintiff had seen defendant was on November 12, 1988. Defendant filed a motion to dismiss on December 30, 1992, based on the grounds that plaintiff's action was barred by the two-year statute of limitation applicable to personal injuries. The trial court granted defendant's motion to dismiss the original complaint with prejudice on May 21, 1993. However, the trial court stated that "if facts arise where you believe a complaint could suffice, come in on a motion to reconsider."

On June 18, 1993, within the required 30-day period, plaintiff filed a motion to reconsider the May 21 dismissal order which averred that the proper limitations period for this action was five years because defendant had "fraudulently concealed his negligent conduct." On June 25, 1993, the trial court ruled on the pending motion as being "technically improper," struck the motion, and granted plaintiff a 21-day extension to file a new motion to reconsider as well as an amended complaint.

On July 16, 1993, plaintiff filed a new motion to reconsider, a proposed answer to defendant's motion to dismiss, and an amended complaint. The trial court, on November 18, 1993, entered an order stating that the court had been without jurisdiction on June 25, 1993, to grant plaintiff an extension of time to file an amended motion as it was not granted within 30 days of the May 21 dismissal order.

Plaintiff-appellant filed a notice of appeal from the November 18 order on December 17, 1993. Defendant-appellee responded by filing a motion to dismiss appeal for lack of appellate jurisdiction as the notice of appeal was filed more than 30 days from the June 18, 1993, motion to reconsider. Plaintiff then filed a motion to strike defendant's motion to dismiss, and defendant filed a response to plaintiff's motion to strike. This court initially granted defendant's motion to dismiss. However, upon a petition of rehearing and, later, a substituted petition for rehearing *instanter*, this court granted plaintiff leave to appeal.

We note that defendant was misguided in his reliance on *Sears v. Sears*, 85 Ill. 2d 253 (1981) and *Yazzin v. Meadox Surgimed, Inc.*, 224 Ill. App. 3d 288 (1981), to support his contention that this appellate court does not have jurisdiction over any post-judgment motion filed 30 days after the entry of the final judgment. In *Sears*, two separate and distinct cases were consolidated. In both cases, the plaintiffs filed a post-judgment motion, which the trial court denied. Within 30 days, the plaintiffs filed a second post-judgment motion, making the

same arguments as in the first, which the trial court also denied. Subsequently, the plaintiffs filed their notices of appeal within 30 days of the denial of their second motions. Our supreme court in *Sears* reaffirmed the holding of *Deckard v. Joiner*, 44 Ill. 2d 412 (1970), by stating that if a second post-judgment motion is filed more than 30 days after judgment but within 30 days of the denial of the first motion, and that second post-judgment motion only repeats what was raised in the first, then the time for appeal is not extended. *Sears*, 85 Ill. 2d at 258. It further emphasized that there must be a finality, a time when the case in the trial court is really over, and thus, successive post-judgment motions will not be allowed since they tend to prolong the life of a lawsuit and lend themselves to harassment. *Sears*, 85 Ill. 2d at 259. Consequently, the supreme court found that the second post-judgment motions were improper and did not maintain jurisdiction of the matter, as neither plaintiff timely appealed his case. We believe that *Sears* is not applicable to the present case. Unlike in *Sears*, the trial court granted plaintiff an extension of time in order to amend her original post-judgment motion. No successive motions were at issue here.

Furthermore, *Yazzin v. Meadox Surgimed, Inc.*, 224 Ill. App. 3d 288 (1991), is inapposite to the instant case. In *Yazzin*, the plaintiff filed a post-trial motion, but counsel failed to appear at the hearing; thus, the trial court struck the motion. The plaintiff never filed a second post-trial motion, but merely refiled a notice of motion rescheduling the hearing. Consequently, a hearing was held and the trial court denied the first post-trial motion. Within 30 days of the denial of the post-trial motion, the plaintiff then filed a notice of appeal. The appellate court held that since the plaintiff's first post-trial motion was stricken, and no motion to vacate the striking of the motion was filed, the post-trial motion was no longer pending and the trial court improperly ruled on it. *Yazzin*, 224 Ill. App. 3d at 291. The mere refiling of a notice of motion had no effect and did not toll the time for filing a notice of appeal. *Yazzin*, 224 Ill. App. 3d at 291. Accordingly, the reviewing court lacked jurisdiction to hear the appeal, as it was untimely filed. *Yazzin*, 224 Ill. App. 3d at 291.

■ Unlike in *Sears* and *Yazzin*, we find that we have jurisdiction to hear this appeal because both the original and amended motions to reconsider were valid and timely filed and, thus, it tolled the period for filing a notice of appeal. However, defendant challenges the validity of the original post-judgment motion and the timeliness of the amended post-judgment motion.

First, in regard to the original motion to reconsider, defendant maintains that the original motion to reconsider did not contain the

proper requirements of a post-judgment motion. Generally, deference is given to *pro se* litigants so long as they conform to the rules of Illinois evidence and procedure. See *People v. Sims*, 265 Ill. App. 3d 352 (1994). In this instance, plaintiff filed *pro se* her motion to reconsider and the cases cited by defendant do not address *pro se* motions. We recognize that plaintiff's *pro se* motion was inartfully drafted; however, the trial court maintains the authority to allow parties to amend their motions. Clearly, the amended motion to reconsider does meet the elements needed in a post-judgment motion and asks for proper relief. The extension of time given by the court also gave plaintiff time to find an attorney to draft the amended motion to reconsider. Accordingly, as the filing was proper and timely, we believe that the original motion was valid, and it tolled the period in which to file a notice of appeal.

Second, in regard to the amended post-judgment motion, defendant challenges the timeliness of the filing as well as the trial court's power to grant an extension of time on June 25, 1993.

We find that the trial court properly granted the extension of time under section 2—1203(a) because the June 18 motion to reconsider was filed within the required 30 days of the entry of the May 21 dismissal order. The June 18 motion remained pending until the June 25 hearing date. The Code of Civil Procedure does not require that hearing dates be set or that judges rule on motions within 30 days of the entry of final judgments and orders. Rather, section 2—1203 of the Code provides that "any party may, within 30 days after the entry of the judgment ***, *file* a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Emphasis added.) 735 ILCS 5/2—1203 (West 1994). In other words, the post-judgment motions must *be filed* within 30 days of the final judgment, not heard within 30 days. The June 18 motion was timely filed and remained pending until the hearing date; thus, the trial court retained jurisdiction. Moreover, the trial court properly extended the filing time for plaintiff's amended motion to reconsider. The trial court was empowered to grant the 21-day extension pursuant to section 2—1203. Under this section, "any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days *or any extensions thereof*, file a [post-judgment] motion." 735 ILCS 5/2—1203 (West 1994). Since the June 18, 1993, motion to reconsider was timely filed, the trial court maintained jurisdiction on June 25, 1993. It follows that since the trial court properly had jurisdiction, it correctly granted the extension of time, and consequently, the amended motion to reconsider was timely filed.

Since both post-judgment motions were valid and timely filed, we conclude that the time for filing a notice of appeal was tolled. A valid motion to reconsider judgment tolls the time for filing a notice of appeal. *Clark v. Han*, 272 Ill. App. 3d 981 (1995). The trial court entered an order on November 18, 1993, which struck and denied the amended motion to reconsider for lack of jurisdiction. The November 18 order triggered the period in which to file a notice of appeal. Plaintiff filed a notice of appeal on December 17, 1993, within 30 days from the entry of that order, pursuant to Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)). Rule 303(a)(1) provides, in pertinent part: "if a timely post-trial motion directed against the judgment is filed, [a notice of appeal must be filed] within 30 days after the entry of the order disposing of the last pending post-judgment motion." 155 Ill. 2d R. 303(a)(1). A trial court retains jurisdiction to reconsider judgments and orders within 30 days of their entry. *Workman v. St. Therese Medical Center*, 266 Ill. App. 3d 286 (1994). Accordingly, we maintain jurisdiction over this appeal as the December 17 notice of appeal was timely within the meaning of Rule 303.

We do not address the merits of the motion to reconsider because it is not an issue before this court, the only issue presented here is one of jurisdiction. We conclude that the trial court did have jurisdiction to hear plaintiff's motions to reconsider on both hearing dates, June 25, 1993, and November 18, 1993. Therefore, this cause is remanded to the trial court in order to hear the amended motion to reconsider. After this hearing, a party may appeal the decision of the court on the merits of the post-judgment motion within 30 days of the entry of judgment pursuant to Supreme Court Rule 303.

For the foregoing reasons, we reverse the judgment of the circuit court and remand this cause to the circuit court for further proceedings not inconsistent with the views contained herein.

Reversed and remanded with directions.

GREIMAN and CERDA, JJ., concur.