2019 IL App (1st) 180360

FIFTH DIVISION
Filing Date September 20, 2019

No. 1-18-0360

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MICHELLE JOSEPH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 L 1349 |
| | ) | |
| EVERGREEN MOTORS, INC., d/b/a Evergreen Kia, and | ) | Honorable |
| WEST LAKE FINANCIAL SERVICES, LLC, | ) | Margaret A. Brennan, |
| | ) | Judge, Presiding. |
| Defendants | ) | |
| | ) | |
| (Evergreen Motors, Inc., d/b/a Evergreen Kia, | ) | |
| Defendant-Appellee). | ) | |

JUSTICE HALL delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Delort concurred in the judgment and opinion.

**OPINION**

¶ 1     On February 9, 2016, plaintiff, Michelle Joseph, filed suit against defendant Evergreen

Motors, d/b/a Evergreen Kia (Evergreen), and West Lake Financial Services, LLC (West Lake),

arising from her November 5, 2014, purchase of a used vehicle and a vehicle service contract

(VSC). On July 14, 2017, Evergreen filed a motion to bar plaintiff's expert witness, which was

granted by the circuit court on September 15, 2017. Also, on July 14, 2017, Evergreen filed a

motion for summary judgment. Plaintiff filed an affidavit in response to Evergreen's motion for summary judgment, and Evergreen moved to strike that affidavit on September 29, 2017. On October 16, 2017, the circuit court granted Evergreen's motion to strike plaintiff's affidavit and granted summary judgment on two counts of plaintiff's complaint. Plaintiff voluntarily dismissed the remaining count.

¶ 2    On November 15, 2017, plaintiff filed a motion to reconsider the entry of summary judgment, the barring of her expert witness and the striking of her affidavit in response to the motion for summary judgment. On December 4, 2017, the circuit court struck plaintiff's motion to reconsider for her failure to provide the court with a courtesy copy. On December 27, 2017, plaintiff filed a notice of motion and attached the same motion to reconsider that it had previously filed (both date stamps are shown on the copy in the common law record). On January 16, 2018, the circuit court denied plaintiff's motion to reconsider, and she filed her notice of appeal on February 13, 2018.

¶ 3    Plaintiff appeals from the orders of the circuit court of Cook County barring her expert witness (entered September 15, 2017), striking her affidavit in response to Evergreen's summary judgment motion (entered October 16, 2017), and granting Evergreen's summary judgment motion (entered October 16, 2017). On appeal, plaintiff contends that (1) the circuit court erred in barring her expert witness, (2) the circuit court misapplied section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2016)) when it struck her affidavit in response to Evergreen's summary judgment motion, and (3) she stated facts that met her burden for establishing a claim under the Consumer Fraud and Deceptive Business Practices Act (815 ILCS

505/2 (West 2016)) sufficient to defeat Evergreen's motion for summary judgment. For the reasons that follow, we dismiss the appeal.

¶ 4                                         BACKGROUND

¶ 5                                   A. Factual Background

¶ 6     Briefly stated, this case surrounds plaintiff's purchase of a used vehicle and VSC from Evergreen on November 5, 2014. At the time, plaintiff accepted dealer-arranged financing for the balance due on the vehicle and the VSC under a retail installment contract.

¶ 7     Prior to plaintiff's purchase, Evergreen executed a Blackhawk Finance Motor Vehicle Retail Installment Contract Purchase Agreement on May 12, 2009, by which Blackhawk Finance (Blackhawk) agreed to purchase retail installment contracts from Evergreen. Additionally, on July 1, 2013, Blackhawk's president, William Caan, entered into an Alpha Warranty Services producer dealer agreement under which Blackhawk became a dealer of extended warranty services. That agreement required Blackhawk to remit funds for each extended warranty contract within 10 days following the end of the month in which such services were sold.

¶ 8     Plaintiff experienced problems with her vehicle's transmission and sought services under the VSC in July or August 2015; she was informed that her VSC was not valid because it had not been paid for within the requisite time period. Plaintiff contacted Evergreen's finance manager, Ed Deany, who called Alpha Warranty Services on August 21, 2015. During the call, Deany was told that plaintiff's VSC was cancelled because it had not been paid for, despite plaintiff having financed the amount due for the VSC and made payments towards it.

¶ 9                                   B. Procedural History

¶ 10    Plaintiff filed a four-count complaint on February 9, 2016, against Evergreen and West Lake. Counts I, II and III of the complaint alleged breach of contract, violations of the Act and conversion against Evergreen, respectively. Count IV of the complaint alleged rescission of the retail installment contract against West Lake. Evergreen filed a third-party complaint against Blackhawk on May 17, 2016. Plaintiff subsequently entered into a settlement agreement with Blackhawk's successor, West Lake, for $3500 and a release from her loan obligation on July 18, 2016, and West Lake was dismissed from the suit (count IV). Counts I, II, and III remained pending against Evergreen.

¶ 11    After an arbitration hearing on September 22, 2016, an arbitration award was entered in favor of plaintiff, which Evergreen rejected. The case proceeded to the trial call. Evergreen subsequently filed an amended third-party complaint on March 17, 2017, adding Caan.[1]

¶ 12    On June 12, 2017, the circuit court entered an order that, among other things, granted the parties leave to supplement their Rule 213(f) (Ill. S. Ct. R. 213(f) (eff. Jan. 1, 2007)) answers by June 16, 2017, and stated that any motions for summary judgment were to be filed by July 14, 2017.

¶ 13    Plaintiff previously disclosed Donald Szczesniak as a Rule 213(f)(3) expert witness on June 29, 2016, and he was deposed on June 9, 2017. See Ill. S. Ct. R. 213(f)(3) (eff. Jan. 1, 2007). On June 16, 2017, plaintiff disclosed a set of new, previously undisclosed opinions for Szczesniak. On July 14, 2017, Evergreen filed a motion to bar the opinions and testimony of Szczesniak pursuant to Illinois Rule of Evidence 702 (eff. Jan. 1, 2011) and Illinois Supreme

---

[1]Caan subsequently filed a motion for summary judgment on September 14, 2017. On September 29, 2017, Evergreen and Caan stipulated to the dismissal of the third-party complaint against Caan without prejudice and without costs.

Court Rule 213 (eff. Jan. 1, 2007). The circuit court granted Evergreen's motion on September 15, 2017.

¶ 14    Evergreen also filed a motion for summary judgment on July 14, 2017, alleging that plaintiff was unable to establish a breach of contract, plaintiff was unable to establish the elements of her consumer fraud claim as a matter of law, and plaintiff's conversion claim failed as a matter of law.

¶ 15    Plaintiff filed an affidavit in response to Evergreen's summary judgment motion on September 25, 2017, which Evergreen sought to strike on September 29, 2017. The trial court granted the motion to strike plaintiff's affidavit in open court after argument on October 16, 2017.

¶ 16    Additionally, on the same date, the circuit court entered an order that denied Evergreen's motion for summary judgment as to count I (breach of contract) and granted Evergreen's motion for summary judgment as to count II (consumer fraud) and count III (conversion). The court also granted plaintiff's motion for voluntary dismissal of count I.

¶ 17    On November 15, 2017, plaintiff filed a motion to reconsider the entry of summary judgment on the two counts, as well as the orders entered by the court barring her expert witness and striking her affidavit in response to Evergreen's motion for summary judgment. A copy of the motion to reconsider is not contained in the common law record. On December 4, 2017, the circuit court struck plaintiff's motion to reconsider for failure to provide the court with courtesy copies. On December 27, 2017, plaintiff filed a new notice of motion for her motion to reconsider, which was denied on January 16, 2018. Plaintiff filed her notice of appeal on February 13, 2018.

¶ 18                                    ANALYSIS

¶ 19     Before we address the merits of plaintiff's appeal, we must first determine whether we have jurisdiction. *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 9. The timely filing of a notice of appeal is both mandatory and jurisdictional. *Dus*, 2012 IL App (3d) 091064, ¶ 10. Accordingly, our supreme court requires strict compliance with its rules governing the time limits for filing a notice of appeal, and neither a circuit court nor an appellate court has the authority to excuse compliance with the filing requirements mandated by those rules. *Dus*, 2012 IL App (3d) 091064, ¶ 10.

¶ 20     Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) mandates that a notice of appeal must be filed within 30 days of a final order, unless a "timely posttrial motion directed against the judgment is filed." The notice of appeal is then due within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 21     In this case, the circuit court granted defendant's motion for summary judgment on October 16, 2017, as to two counts of plaintiff's complaint. Plaintiff voluntarily dismissed the remaining third count on the same date. Plaintiff's first postjudgment motion, her motion to reconsider filed on November 15, 2017, was filed within 30 days of the entry of summary judgment and was therefore timely filed. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). However, that motion was stricken by the circuit court on December 4, 2017.

¶ 22     On December 27, 2017, plaintiff filed a new notice of motion for her motion to reconsider, which was scheduled for hearing on January 16, 2018. The circuit court denied plaintiff's motion to reconsider, and plaintiff filed her notice of appeal on February 13, 2018.

¶ 23    We must therefore determine the effect of the order striking plaintiff's motion to reconsider and the subsequent refiling of a notice of motion for the same motion. The circumstances posed in this case are analogous to those that this court addressed in *Yazzin v. Meadox Surgimed, Inc.*, 224 Ill. App. 3d 288, 290 (1991).

¶ 24    In *Yazzin*, the plaintiff filed a posttrial motion, but counsel failed to appear at the hearing, and the circuit court struck the motion. *Yazzin*, 224 Ill. App. 3d at 289. The plaintiff never filed a second posttrial motion but merely refiled a notice of motion rescheduling the hearing. *Yazzin*, 224 Ill. App. 3d at 290. A hearing was held, and the circuit court denied the first posttrial motion. *Yazzin*, 224 Ill. App. 3d at 289. Within 30 days of the denial of the posttrial motion, the plaintiff then filed a notice of appeal. *Yazzin*, 224 Ill. App. 3d at 289. This court held that since the plaintiff's first posttrial motion was stricken and no motion to vacate the striking of the motion was filed, the posttrial motion was no longer pending and the trial court improperly ruled on it. *Yazzin*, 224 Ill. App. 3d at 291. The mere refiling of a notice of motion had no effect and did not toll the time for filing a notice of appeal. *Yazzin*, 224 Ill. App. 3d at 291. Accordingly, we lacked jurisdiction to hear the appeal as it was untimely filed. *Yazzin*, 224 Ill. App. 3d at 291.

¶ 25    Similarly, here, the postjudgment motion to reconsider was filed on November 15, 2017, within 30 days of the entry of summary judgment on October 16, 2017. That motion was stricken on December 4, 2017. The common law record indicates that on December 27, 2017, plaintiff filed a new notice of motion but refiled the same copy of the motion to reconsider that she had electronically filed on November 15, 2017, both date stamps appearing on the copy. Like the plaintiff in *Yazzin*, plaintiff here merely refiled a notice of motion for the same motion to reconsider that was previously filed and stricken. However, that motion was no longer pending

and could not be refiled. *Yazzin*, 224 Ill. App. 3d at 291. The order striking the motion was not vacated, thus plaintiff's refiling of a notice of motion had no effect because there was no motion pending. *Yazzin*, 224 Ill. App. 3d at 291.

¶ 26    This case is distinguishable from the circumstances presented in *Workman v. St. Therese Medical Center*, 266 Ill. App. 3d 286, 291 (1994), where the circuit court's order striking the plaintiff's motion to reconsider was vacated, thus the motion to reconsider was reinstated as a pending motion.

¶ 27    Nor are the circumstances presented here similar to those in *Yang v. Chen*, 283 Ill. App. 3d 80, 82 (1996), where the plaintiff filed a motion to reconsider on June 18, 1993, within 30 days of the entry of a May 21, 1993, dismissal order. On June 25, 1993, the circuit court struck the motion to reconsider as technically improper and granted plaintiff a 21-day extension to file a new motion to reconsider as well as an amended complaint, which he filed on July 16, 1993. *Yang*, 283 Ill. App. 3d at 82. This court found that it had jurisdiction to hear the appeal because both the original and amended motions to reconsider were valid and timely filed and thus tolled the period for filing a notice of appeal because the June 18, 1993, motion to reconsider was filed within the required 30 days of entry of the May 21, 1993, order and remained pending until the hearing date on June 25, 1993. *Yang*, 283 Ill. App. 3d at 83-84. We further noted that the rule required that postjudgment motions must be filed within 30 days of the final judgment, not heard within 30 days. *Yang*, 283 Ill. App. 3d at 84. Because the initial motion filed on June 18, 1993, was timely, the circuit court retained jurisdiction until the hearing date of June 25, 1993, and the trial court was empowered to grant the 21-day extension pursuant to section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 1994)). *Yang*, 283 Ill. App. 3d at 84. We

concluded that since the circuit court had jurisdiction and correctly granted the extension of time, the amended motion to reconsider was timely filed. *Yang*, 283 Ill. App. 3d at 84.

¶ 28     Here, plaintiff's notice of motion and motion for reconsideration filed on December 27, 2017, did not toll the time for filing the notice of appeal. As we noted previously, the circuit court's December 4, 2017, order striking plaintiff's initial motion to reconsider was not vacated, thus, plaintiff's notice of appeal was due within 30 days of December 4, 2017. Plaintiff's notice of appeal was not filed until February 13, 2018, and was therefore untimely.

¶ 29     Even if we were to consider plaintiff's December 27, 2017, notice of motion and motion as a second motion to reconsider, we would still find that the time for filing the notice of appeal was not tolled, pursuant to our supreme court's holding in *Sears v. Sears*, 85 Ill. 2d 253 (1981). In that case, the supreme court held that if a second postjudgment motion is filed more than 30 days after judgment but within 30 days of the denial of the first motion and the second postjudgment motion only repeats what was raised in the first, then the time for appeal is not extended. *Sears*, 85 Ill. 2d at 258.

¶ 30     Accordingly, plaintiff's notice of appeal was untimely filed, and we lack jurisdiction to hear the appeal.

¶ 31                                      CONCLUSION

¶ 32     For the foregoing reason, we dismiss the appeal for lack of jurisdiction.

¶ 33     Appeal dismissed.

No. 1-18-0360

| | |
|---|---|
| **Cite as:** | *Joseph v. Evergreen Motors, Inc.*, 2019 IL App (1st) 180360 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16-L-1349; the Hon. Margaret A. Brennan, Judge, presiding. |
| **Attorneys for Appellant:** | Andrew Finko, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Adam M. Berger, of Kelley Kronenberg, of Chicago, for appellee. |