2020 IL App (1st) 192137-U
No. 1-19-2137
September 30, 2020

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, *et al.*, | ) ) ) | Appeal from the Circuit Court Of Cook County. |
| Plaintiff-Appellee, | ) ) | No. 16 CH 16701 |
| v. | ) ) | The Honorable Edward N. Robles, |
| DANNY PIERCE and LINDA PIERCE, | ) ) | Judge Presiding. |
| Defendants-Appellants. | ) | |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

Held: Where a motion is stricken "from the call," the circuit court retains jurisdiction over the case. The circuit court did not err when it found that defendants failed to file a timely response to the plaintiff's motion for order approving the sale, and the circuit court did not abuse its discretion when it denied the petition to reconsider the February 6, 2019, order approving the sale.

¶ 1     The circuit court approved the foreclosure sale of the home of Linda and Danny Pierce (collectively, "Defendants"). The court later denied defendants' petition for reconsideration, holding that it lost jurisdiction over the case when it entered an order striking the petition for

reconsideration "from the call." On appeal, defendants argue that the circuit court retained jurisdiction over the case because striking a petition from the call is not a final adjudication of the matter, and failing to appear at the February 6, 2019 hearing was not a waiver of their arguments because a timely response to motion was filed and no notice of the sale was served. For the following reasons, we affirm the circuit court.

¶ 2                                    I. BACKGROUND

¶ 3      In 2006, National City Bank loaned $1,000,000 to defendants in exchange for a mortgage on their home in Lemont, Illinois. Plaintiff later acquired National City's interest in the loan. Defendants missed a mortgage payment in 2016. In June 2016, PNC Mortgage, as servicer of the loan, sent defendants notice of the default and notice of the grace period for late payment.

¶ 4      In December 2016, plaintiff filed a foreclosure complaint against defendants. The circuit court entered a judgment of foreclosure in August 2017. Defendants filed a motion to stay the sale while they tried to work out a modification of the loan. The court granted a temporary stay, but it subsequently set the sale to take place in October 2018. Plaintiff submitted the highest bid at the sale. The price left defendants liable for more than $430,000 on the loan.

¶ 5      Plaintiff promptly filed a motion for an order approving the sale and distribution. Plaintiff appended to the motion its "Proof of Sending the Notice of Sale," signed by an office clerk for the Judicial Sales Corporation. The proof stated:

> "To: *** DANNY PIERCE - PO BOX ***, Lemont, IL. 60139
>
> •ANDJELKO GAI.IC, ATTORNEY FOR LINDA PIERCE. - agforeclosurederense@gmail.com

\*\*\*

DANNY PIERCE. \*\*\* St.\*\*\* Lemont. II.. 60439

\*\*\*

I, the undersigned non-attorney, caused to be served the notice of sale attached hereto in the above referenced case number by causing a copy to be electronically sent and/or mailed to the above noted parties at the above noted email addresses or mailing addresses by depositing same in the U.S. Mail from One South Wacker Drive. Chicago, II. 60606-4650, before 5:00 p.m. on 9-13-18 with proper postage prepaid."

¶ 6        The circuit court entered an order requiring defendants to file a response to the motion for order approving the sale by January 8, 2019.  The court's file includes a "Notice of Filing," in which Linda's attorney, Andjelko Galic, certified that on January 8, 2019, he filed Linda's response to the motion for order approving the sale.  The notice of filing bears a file stamp with the date January 8, 2019.

¶ 7        On February 6, 2019, Attorney Galic appeared at the scheduled hearing on the motion for order approving the sale.  The circuit court entered an order dated February 6, 2019, approving the sale and ordering the eviction of defendants.  On March 8, 2019, Attorney Galic filed a motion to reconsider the order approving the sale on behalf of Linda.  Also, on March 8, 2019, Dan Walker, appearing as an additional attorney for defendants, filed a petition for reconsideration of the order approving the sale.  Both Attorney Galic's motion and Attorney Walker's petition alleged that plaintiff had not provided notice of the sale.  Attorney Galic verified that he received no email or other communication notifying him of the sale date. He

asserted that no one sent any other notice to him or Linda of the sale. Attorney Walker's petition added allegations that plaintiff failed to present the required loss mitigation affidavit, and that PNC Bank approved Danny's application for a modification of the loan.

¶ 8        On May 24, 2019, Attorney Walker filed a notice of hearing for the petition to reconsider and scheduled the hearing for June 10, 2019. On June 10, 2019, Attorney Walker and defendants failed to appear. Only Attorney Galic appeared in court to argue for reconsideration of the order approving the sale. The circuit court entered an order stating:

> "This cause coming before this court on Defendants' motions to reconsider and the court not having received courtesy copies of Defendants' motions and attorney Walker not appearing in court,
>
> IT IS HEREBY ORDERED:
>
> The [Petition] to Reconsider is stricken from the call."

¶ 9        On June 12, 2019, Attorney Walker filed an amended notice of hearing to reschedule the date of the hearing to June 26, 2019. On the June 26, 2019, the circuit court found that only Attorney Walker's petition to reconsider was received by the court. The court then scheduled briefing on the petition for rehearing. In support of the petition, defendants presented a court record showing that on January 8, 2019, the court accepted for filing an envelope from Attorney Galic with a response to the motion to approve the sale. Defendants also showed that Attorney Galic sent an email to plaintiff's attorneys on January 8, 2019, with the response to the motion to approve the sale attached.

¶ 10        In an order dated September 20, 2019, the circuit court noted that on January 8, 2019, Attorney Galic filed a notice of filing a response to the motion to approve the sale. The court

held that because only the notice of filing, and not the response itself, bore the date filed stamp, "no response to motion was filed on behalf of Linda Pierce on or before January 8, 2019." The court held that it lost jurisdiction over the case when it struck the petition for reconsideration from the call on June 10, 2019, more than 30 days after it entered the final judgment approving the sale. Despite finding a lack of jurisdiction, the court addressed the merits of the petition for reconsideration. The circuit court found that defendants waived all issues by failing to file a response by January 8, 2019, and that the proof of sending notice of the sale complied with the requirements for notice of sale. Subsequently, the court denied the petition for reconsideration. Defendants now appeal.

¶ 11                                    II. ANALYSIS

On appeal, defendants contend: (1) the circuit court retained jurisdiction over the case because striking a petition from the call is not a final adjudication of the matter, (2) failing to appear at the February 6, 2019 hearing was not a waiver of their arguments because a timely response to the motion for order approving the sale was filed, and (3) no notice of the sale was served.

¶ 12                                    A. Jurisdiction

¶ 13        The timely filing of a notice of appeal is mandatory and jurisdictional. *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 10. Pursuant to Illinois Supreme Court Rule 303(a)(1) (eff. June 4, 2008), a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against judgment is filed, within 30 days after the entry of the order disposing of the last pending post-judgment

motion directed against that judgment or order. When an appeal is untimely, this court has no discretion other than to dismiss the appeal. *Bell v. Hill*, 271 Ill.App.3d 224, 228 (1995).

¶ 14    Here, the circuit court held that when it struck the petition for reconsideration from the call, the court lost jurisdiction over the case because it struck the petition more than 30 days after the final judgment approving the sale. The circuit court found the facts in the present case analogous to those in *Yazzin v. Meadox Surgimed*, Inc., 224 Ill. App. 3d 288 (1991), and applied its holding. Defendants argue that the court erred by applying *Yazzin* to the present case. When reviewing a motion to reconsider that is based on a circuit court's purported misapplication of existing law, this court's standard of review is *de novo*. *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664, ¶ 20.

¶ 15    In *Yazzin*, the plaintiff filed a post-trial motion, but counsel failed to appear at the hearing, and the circuit court struck the motion. *Yazzin*, 224 Ill. App. 3d at 289. The plaintiff did not file a second post-trial motion or vacate the strike order. *Id*. at 290. Instead, plaintiff merely refiled a notice of motion rescheduling the hearing. *Id*. A hearing was held, and the circuit court denied the first posttrial motion. *Id*. at 289. Within 30 days of the denial of the posttrial motion, the plaintiff filed a notice of appeal. *Id*. This court held that since the plaintiff's first posttrial motion was stricken and no motion to vacate the striking of the motion was filed, the circuit court lacked jurisdiction. *Id*. at 291. The mere refiling of a notice of motion had no effect and did not toll the time for filing a notice of appeal. *Id*. Accordingly, this court lacked jurisdiction to hear the untimely appeal and dismissed the appeal. *Id*.

¶ 16    Here, the circuit court, on February 6, 2019, approved the sale of defendants' home. On March 8, 2019, Attorney Galic filed a motion to reconsider, and Attorney Walker filed a

petition to reconsider the order approving the sale. Only Attorney Galic appeared at the June 10, 2019 hearing, and the circuit court struck the petition to reconsider. Defendants neither filed a second post-trial motion, nor vacated the June 10, 2019 strike order. Attorney Walker merely refiled a notice of motion rescheduling the hearing. On September 20, 2019, the circuit court denied the petition to reconsider, and defendants filed notice of appeal on October 18, 2019.

¶ 17    Although the present facts appear to resemble *Yazzin,* we decline to extend its holding here. This case is distinguishable because the circuit court explicitly struck the motion "from the call." Striking a motion from the call "indicat[es] only that the motion would not be heard on that day." *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1303 (7th Cir.1988). Additionally, a "motion, although stricken from the court call, remain[s] pending." *Belluomini v. Lancome*, 207 Ill. App. 3d 583, 585–86 (1990). In *Lancome*, the circuit court entered an order stating, in pertinent part, that the "plaintiff's motion to vacate is stricken." *Id*. This court held that the struck motion remained pending given (1) the circuit court's use of the word "stricken" rather than the terms "denied" or "dismissed"; and (2) the circuit court's failure to use the words "with prejudice" when striking the motion. *Id*. Illinois courts have found that an order striking a motion with prejudice is considered a final determination. See *B–G Associates, Inc v. Giron*, 194 Ill.App.3d 52, 59 (1990).

¶ 18    Here, like in *Lancome*, the strike order did not deny or dismiss the petition, or strike it with prejudice. Additionally, adding the language "from the call" indicates that the circuit court did not intend the strike order to be the final disposition. Therefore, the circuit court retained jurisdiction over the case after June 10, 2019, as it had not entered a final ruling on the timely

filed posttrial motion. See *Zhenquan Chen v. Fusionone Electronic Healthcare, Inc.*, No. 14-cv-02220, (N.D. Ill. January 9, 2015) (order striking a case "from the call" was not final and did not operate as *res judicata*).

¶ 19                                                                                     B. Waiver

¶ 20        On September 20, 2019, the circuit court addressed the petition to reconsider on the merits and found that defendants waived all issues by failing to file a timely response to plaintiff's motion to approve the sale. Defendants argue that (1) this court can still hear any issue on appeal, and (2) defendants' arguments were not waived because Attorney Galic filed a timely response on January 8, 2019.

¶ 21        We find defendants' first argument unpersuasive. The purpose of a motion to reconsider is to bring to the trial court's attention to (1) newly discovered evidence not available at the time of the hearing, (2) changes in the law, or (3) errors in the trial court's previous application of existing law. *Stringer v. Packaging Corp. of America*, 351 Ill. App. 3d 1135, 1140 (2004). A reconsideration motion is not the place to raise a new legal theory or factual argument that could have been raised previously. *River Plaza Homeowner's Ass'n v. Healey*, 389 Ill. App. 3d 268, 280 (2009). Trial courts should not allow litigants to stand mute, lose a motion, and then frantically gather new material to show that court erred in its ruling." *Gen. Motors Acceptance Corp. v. Stoval*, 374 Ill. App. 3d at 1078*; River Plaza Homeowner's Ass'n v. Healey*, 389 Ill. App. 3d at 280; See also *North River Insurance Co, v. Grinnell Mutual Reinsurance Co*., 369 Ill. App. 3d. 563, 572 (2006). Legal theories and factual arguments not previously made are subject to waiver. *River Plaza*, 389 Ill. App. 3d at 280; *North River*

*Insurance Co, v. Grinnell Mutual Reinsurance Co.*, 369 Ill. App. 3d at 572 (2006) and *Liceaga v. Baez*, 2019 Il. App (1st) 181170, ¶ 25.

¶ 22    We also find defendants' second argument unpersuasive. Danny has clearly waived all defenses and arguments set forth in the petition. Attorney Galic represented Linda, not Danny. Therefore, Danny failed to present any arguments or defenses to the plaintiff's motion for order approving the of sale, failed to appear on presentment of the motion, failed to file a response to plaintiff's motion, and failed to appear at the February 6, 2019 hearing.

¶ 23    While Attorney Galic represented Linda on presentment and hearing on plaintiff's motion for order approving the sale, Linda failed to file a response prior to the February 6, 2019 hearing on the motion for order approving the sale. The record does include the circuit court's own documents acknowledging receipt of a response. Defendants also presented a file stamped copy of the notice of filing, and an email record showing that Attorney Galic sent a copy of the response to plaintiff on January 8, 2019.

¶ 24    However, the circuit court held that the lack of a file stamped copy of the response itself proved that defendants did not file any response prior to the February 6, 2019 hearing. The only response in the record was filed stamped on March 7, 2019, one day prior to the filing of the petition to reconsider the order approving the sale, and more than one month after the February 6, 2019 hearing on the motion for order approving the sale. Consequently, we find that the circuit court did not err when it found that defendants failed to file a timely response to the plaintiff's motion for order approving the sale.

¶ 25    Though the circuit court found that Linda waived argument, it nonetheless, ruled on the merits of the unfiled response that the court received. The circuit court found that the only

issue in the unfiled response was whether Linda received notice of the sale because Attorney Galic alleged that he did not receive notice of the sale. The circuit court rejected this claim finding:

> "Even if Linda Pierce did not waive this argument for her failure to file a response, the argument is without merit. A plain reading of the 'Proof of Sending the Notice of Sale' sets forth that it was sent by email to her counsel at his email address. Plaintiffs are under no obligation to ensure that Counsel for Linda Pierce receive the notice only it be sent."

¶ 26 In the order dated September 20, 2019, the circuit court denied the petition to reconsider the order approving the sale on the merits. We find that the circuit court did not abuse its discretion when it denied the motion to reconsider the February 6, 2019 order approving the sale. We affirm the order of the circuit court.

¶ 27                                III. CONCLUSION

¶ 28 For the foregoing reasons, we find that the circuit court retained jurisdiction to consider defendants' posttrial motion. The circuit court did not err when it found that the defendants failed to file a timely response to the motion for approval of the order of sale, and the circuit court did not abuse its discretion when it denied the motion to reconsider the order approving the sale. Accordingly, we affirm the circuit court's order denying defendants' petition to reconsider.

¶ 29 Affirmed.