2025 IL App (1st) 240842-U

No. 1-24-0842

February 4, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| 1900 CAPITAL TRUST II, by U.S. BANKTRUST NATIONAL ASSOCIATION, Not In Its Individual Capacity But Solely As Certificate Trustee, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18 CH 08449 |
| VALARIE DRAKE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; SOUTH POINTE TOWNHOME ASSOCIATION OF TINLEY PARK; UNKNOWN TENANTS; UNKNOWN OWNERS; and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | Honorable William Sullivan, |
| (Valarie Drake, Defendant-Appellant). | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

ORDER

¶ 1     *Held*:   Defendant's appeal of foreclosure judgment is dismissed as moot.

¶ 2    Defendant Valarie Drake appeals from the circuit court's orders approving and confirming the report of sale of a foreclosed property and distribution of proceeds, issuing an eviction order against her, and striking her postjudgment motion. We dismiss this appeal as moot.

¶ 3    On July 5, 2018, Bayview Loan Servicing, LLC (Bayview Loan) filed a foreclosure complaint against Drake, Mortgage Electronic Registration Systems, Inc., South Pointe Townhome Association of Tinley Park, unknown tenants, unknown owners, and non-record claimants relating to a property on Pond View Court in Tinley Park, Illinois (property). On June 3, 2019, the circuit court granted Bayview Loan's motion to substitute as party plaintiff 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its individual capacity but solely as certificate trustee.

¶ 4    Drake was the sole defendant who filed an appearance. On September 20, 2022, the circuit court entered a judgment of default against all defendants except Drake, entered a judgment of foreclosure and sale against all defendants, and appointed a selling officer to conduct a judicial sale of the property.

¶ 5    On December 20, 2023, 1900 Capital Trust II filed a motion for orders approving the report of sale and distribution and for eviction, noting that the property was sold in a public sale on December 11, 2023. On January 24, 2024, the circuit court entered an order setting a briefing schedule for 1900 Capital Trust II's motion, giving Drake time to file a written response. Drake did not file a written response.

¶ 6    On February 28, 2024, the circuit court entered an order approving the report of sale and distribution of proceeds and confirming the sale, and issued an eviction order against Drake.

¶ 7    On March 8, 2024, Drake filed a *pro se* "NOTICE OF DEMAND FOR A TRIAL DE NOVO," requesting a "new hearing/trial" because she was dissatisfied with the order of February 28, 2024, and arguing that the circuit court lacked jurisdiction because she was not "properly served." Following proceedings on March 18, 2024, the circuit court struck Drake's filing without prejudice, stating that "due notice" had not been given and that counsel for 1900 Capital Trust II was not present.

¶ 8    On April 15, 2024, Drake filed a notice of appeal from the circuit court's orders of January 24, February 28, and March 18, 2024. The notice of appeal requested this court "reverse foreclosure to keep home." That same day, Drake also filed a *pro se* motion to stay the foreclosure sale in the circuit court.

¶ 9    On April 22, 2024, Drake filed a *pro se* motion in this court to stay the sheriff's eviction that was scheduled for May 13, 2024, alleging that she was not served, 1900 Capital Trust II lacked standing to foreclose, Drake "found" forgery on the original mortgage note, and that there were "discrepancies" the circuit court judge "chose to ignore." On May 10, 2024, this court granted Drake's motion and stayed the eviction until June 10, 2024, or further order of this court.

¶ 10    On June 7, 2024, Drake filed in this court an emergency *pro se* motion to stay the sheriff's eviction. On June 25, 2024, this court denied Drake's motion, noting that she needed to first file a motion to stay in the circuit court pursuant to Illinois Supreme Court Rule 305(d) (eff. July 1, 2017).

¶ 11    On September 10, 2024, Drake filed in this court another emergency *pro se* motion to stay "in order to go before judges to plead [her] case as to why [she] should not loose [*sic*] [her] home," which this court denied on September 11, 2024.

¶ 12    On appeal, Drake contends that the circuit court erred in granting a judgment of foreclosure and sale and approving and confirming the sale of the property. She contends there was fraud in the proceedings, the mortgage was forged, 1900 Capital Trust II was "not the [h]older of the of the [i]nstruments required to validate claim," and Drake suffered a violation of a "constitutional right due to lack of proper service." Drake also contends that the circuit court erred in striking her postjudgment motion.

¶ 13    As an initial matter, 1900 Capital Trust II contends that this court lacks jurisdiction because Drake's notice of appeal was not timely filed within 30 days of the circuit court's final order. We disagree.

¶ 14    A notice of appeal must be filed within 30 days of a final judgment, unless a timely posttrial motion directed against that judgment is filed. See Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017). If a posttrial motion directed against the final judgment is timely filed, the notice of appeal must then be filed within 30 days after entry of an order disposing of the last pending posttrial motion directed against the final judgment. *Id.*

¶ 15    Here, on February 28, 2024, the circuit court entered an order that confirmed the sale of the premises, approved the report of sale and distribution of proceeds, and issued an eviction order against Drake. The order confirming or approving the foreclosure sale of property was final and appealable. *BAC Home Loans Servicing, LP v. Popa*, 2015 IL App (1st) 142053, ¶ 30. Drake timely filed a postjudgment motion directed against that final judgment within 30 days: her "demand for a trial de novo" requesting a new trial because the circuit court lacked jurisdiction over her because she was not properly served.

¶ 16 The court struck Drake's motion on March 18, 2024, and Drake filed a notice of appeal within 30 days from that date, on April 15, 2024. Thus, Drake's notice of appeal was timely filed within 30 days of the order disposing of the last pending posttrial motion directed against the final judgment. See *Joseph v. Evergreen Motors, Inc.*, 2019 IL App (1st) 180360, ¶ 28 (where the circuit court struck a postjudgment motion and the order was not vacated, notice of appeal was due within 30 days of entry of the order striking postjudgment motion).

¶ 17 Next, we consider 1900 Capital Trust II's contention that Drake's appeal is moot because she failed to obtain and perfect a stay of the circuit court's judgment confirming the foreclosure sale pursuant to Illinois Supreme Court Rule 305(k) (eff. July 1, 2017), and the property was sold to a nonparty prior to her appeal. We agree the appeal is moot.

¶ 18 An appeal is moot where events have occurred that foreclose the reviewing court from granting effectual relief to the complaining party. *In re Shelby R.*, 2013 IL 114994, ¶ 15. Courts of review generally do not consider moot or abstract questions because "our jurisdiction is restricted to cases which present an actual controversy." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523 (2001).

¶ 19 Illinois Supreme Court Rule 305(k) (eff. July 1, 2017) protects third-party purchasers of property from appellate reversals or modifications of judgments regarding the property when the circuit court has not entered a stay of judgment pending appeal and the following requirements are met: "(1) the property passed pursuant to a final judgment; (2) the right, title and interest of the property passed to a person or entity who is not part of the proceeding; and (3) the litigating party failed to perfect a stay of judgment within the time allowed for filing a notice of appeal." *Steinbrecher*, 197 Ill. 2d at 523-24.

¶ 20    Here, the circuit court entered an order granting a judgment of foreclosure and sale, and did not enter a stay of judgment. The subject property was sold to a non-party at a foreclosure sale pursuant to that order. The court's order approving the report of sale conveyed right, title, and interest of the property to the non-party purchaser. Lastly, Drake failed to perfect a stay of judgment within the time allowed for filing a notice of appeal. Drake did not receive a stay after the circuit court issued the judgment of foreclosure and sale, after the sale of the property, or after the court approved and confirmed the sale of the property. Accordingly, all three requirements for the application of Rule 305(k) are met and, therefore, we must dismiss Drake's appeal as moot. See *id.*

¶ 21    Appeal dismissed.